298 So.2d 777 (1974)
STATE of Louisiana
v.
James Henry JACKSON.
No. 54585.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
*778 James E. Bolin, Jr., Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Fred C. Sexton, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
This is the defendant's third appearance before this court. The first followed his conviction of attempted forgery. Defendant was then found guilty of being a fourth felony offender and sentenced to twenty years. R.S. 15:529.1. On appeal, this court rejected the contention that his first four offenses constituted one offense since Jackson was arraigned and pled guilty on the same date. 258 La. 632, 247 So.2d 558 (1971). Defendant subsequently applied for a writ of habeas corpus that was granted. This court held the four 1967 convictions should be treated as one for the purpose of the multiple offender statute, and the case was remanded to the trial court for proper sentencing. 283 So. 2d 210 (1973).
On November 2, 1973 the district attorney of Caddo Parish filed a bill of information charging the defendant as a fourth felony offender. This charge was based on the crimes outlined below.
On June 22, 1960, in the United States District Court, Western District of Louisiana, Shreveport Division, James Henry Jackson was convicted of violating 18 U. S.C. §§ 1702, 1708 and 495 in that he was guilty of the theft of mail, of unlawfully possessing United States Treasury checks that had been stolen, and of the interception of mail and embezzling of its contents. Jackson was sentenced under the Federal Youth Corrections Act (18 U.S.C. § 5010(b)) and placed in the custody of the attorney general for an indefinite period of time. On August 30, 1962 the defendant was released from custody.
On March 12, 1964, in the Superior Court for the State of California, County of Los Angeles, the defendant was convicted of forgery and sentenced to four years in the state penitentiary. He was granted parole on December 27, 1965.
On February 10, 1967, in the First Judicial District Court, Caddo Parish, State of Louisiana, the accused was convicted of theft. He was sentenced to one year in the state penitentiary.
On June 11, 1970 James Henry Jackson was convicted of attempted forgery. He was sentenced to five years imprisonment.
On November 13 and November 21, 1973 the defendant filed motions to quash the bill of information. The motions were continued until after evidence had been submitted. The trial court sustained the motion to quash as to the conviction and sentence under the Federal Youth Corrections Act and as to the California conviction. The State excepted and reserved a bill of exceptions. The court overruled the motion to quash as to the other two convictions. On January 16, 1974 the defendant was found guilty as a second offender and sentenced to ten years. From this conviction he appeals, relying on eight perfected bills of exceptions. The State also appeals, relying on one perfected bill of exceptions.

Bills of Exceptions Nos. 1, 2, 3 and 4
These bills were reserved to the admission into evidence of four exhibits offered by the State, namely State Exhibits "C," "D," "E" and "F." During the testimony of Deputy Bobby Wilkins the State identified and referred to these four exhibits. Attached to these bills of exceptions are the following items: (1) the November 2, 1973 bill of information; (2) the four exhibits; (3) the entire testimony of Deputy Bobby Wilkins; and (4) the ruling of the court allowing the exhibits to be admitted into evidence.
*779 R.S. 15:529.1 F provides:
"The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the finger prints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate."
Captain Bobby Wilkins, an expert in the field of fingerprint comparison, positively identified the fingerprints of the different exhibits as those of James Henry Jackson. The testimony was pertinent in that it proved the defendant was convicted of the four crimes enumerated in the bill of information. The defense objected to the introduction into evidence of extraneous letters and other documents. No harm resulted from the inclusion of this surplus information. C.Cr.P. 921.
These bills are without merit.

Bills of Exceptions Nos. 5, 6 and 7
These bills were reserved to the partial quashing of the indictment and to the sentencing of the defendant as a second offender. Defendant argues that there is no room for a middle ground. At the trial or hearing he should have either been found guilty as a fourth felony offender or acquitted. It is argued that this form of "lesser verdict" is illegal. R.S. 15:529.1 B provides in part:
"It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime."
We interpret this language to mean that the charge as a second offender is a lesser, but included, offense of the charge as a third or fourth offender. C.Cr.P. 815. This bill is without merit.

Bill of Exceptions No. 8 and State's Bill of Exceptions No. 1
Defendant objected to an appeal on the part of the State following the quashing of the indictment. The State excepted to the overruling of its motion to quash. The State may only appeal from the enumerated judgments and rulings set forth in C.Cr.P. 912 B, which provides:
"The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
"(1) A motion to quash an indictment or any count thereof;
"(2) A plea of time limitation;
"(3) A plea of double jeopardy;
"(4) A motion in arrest of judgment;
"(5) A motion to change the venue;
"(6) A motion to recuse; and
"(7) Repealed. Acts 1968, No. 146, § 1."
The multiple offender statute is an enhancement-of-penalty provision. It is not a new prosecution for an offense. State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). R.S. 15:529.1 provides that the district attorney may file an "information" *780 accusing the defendant of a previous conviction. This is not a new bill of information charging an offense, but merely a method of informing the court and requesting an enhancement-of-sentence. Likewise, the defendant's traverse of the allegations of the information are not such motions to quash (although defendant entitled them thus) from which the State is entitled to appeal. A motion to quash is an "all-embracive plea" (Official Comment, C.Cr.P. 531), but the State is entitled to appeal only from a motion quashing an information or indictment or a count therein. C.Cr.P. 912 B. The determination of sentence is within the sound discretion of the trial judge. State v. Polk, 258 La. 738, 247 So.2d 853 (1971). The sentence is within the legal limits of punishment as a second offender. Only the legality of the sentence is subject to review. See C.Cr.P. 882. These bills are without merit.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
SANDERS, C. J., dissents in part and assigns written reasons.
BARHAM, J., dissents.
SANDERS, Chief Justice (dissenting in part).
The majority holds that the State has no right of appeal from a ruling of the trial court quashing a bill of information charging the defendant under the Louisiana Habitual Offender Law (LSA-R.S. 15:529.1). I disagree with this holding.
Article 912 of the Louisiana Code of Criminal Procedure provides:

* * * * * *
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(1) A motion to quash an indictment or any count thereof.

* * * * * *
Article 461 provides that the term "indictment" includes an information unless the context of the article indicates otherwise. Using this rule, Article 912 B(1) clearly applies to a judgment adverse to the State on a Motion to Quash a Bill of Information.
LSA 15:529.1 provides for the charging of a defendant as an habitual offender by Bill of Information. Hence, such a bill of information has the same status under Article 912, C.Cr.P., as any other bill of information. Contrary to the majority, I find nothing in the code article limiting appeals to the quashing of bills of information charging "new" crimes.
I conclude, therefore, that the State's appeal is properly before this Court.
On the merits, the following prior convictions are alleged:

June 22, 1960: Theft of U. S. Mail, unlawful possession of stolen property, interruption of mail and embezzlement under the Federal Youth Corrections Act (18 U.S.C. § 6010(b). Released from custody August 30, 1962.

March 12, 1964: California conviction of forgery. Sentenced to four years in State Penitentiary. Released from custody July 8, 1966.

February 10, 1967: Louisiana conviction of theft. Sentenced to one year in penitentiary. Received at penitentiary on March 1, 1967, and released from custody August 7, 1969.

June 11, 1970: Louisiana conviction of forgery. (Crime committed on November 25, 1969). Sentenced to five years imprisonment.
In my opinion, the trial court erred in not sustaining the bill of information charging the defendant as a fourth offender. The court, I believe, erroneously rejected *781 the federal conviction of 1960 and the California conviction of 1964.
The Federal Youth Corrections Act applies to persons under the age of 22. The Act affects the criminal process only at the sentencing stage, after conviction under regular criminal procedure. See 18 U.S.C. §§ 5006(h), 5010. The Act does not alter the nature of the conviction or its collateral effects. See Courtney v. Courtney, D. C.App., 214 A.2d 478 (1965).
The Habitual Offender Law provides that the imprisonment time under intervening sentences shall not be included in the computation of five year periods. LSA-R.S. 15:529.1 C.
When the imprisonment time under the several convictions is eliminated, as must be done, all convictions fall within the five year period required by the Louisiana Habitual Offender Law.
For the reasons assigned, I respectfully dissent.