CIACCIO, Judge.
A twelve-person jury found defendant guilty as charged of aggravated burglary. La.R.S. 14:60. The trial court sentenced defendant to serve 7 years imprisonment. The trial court then granted defendant’s oral motion for appeal. La.C.Cr.P. Art. 914. The State then filed a bill of information charging defendant with being a second felony offender, having previously been convicted of felony theft, and requesting that defendant be resentenced under the provisions of La.R.S. 15:529.1. Defendant admitted the allegations of the multiple bill. The trial court then resentenced defendant to serve 10 years imprisonment.
Defendant appeals based upon a single assignment of error: “The State failed to present sufficient evidence to prove every essential element of the crime charged beyond a reasonable doubt.” We have also reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920. We have found no errors affecting defendant’s conviction for aggravated burglary and find the evidence sufficient to support that conviction. The conviction, therefore, is affirmed. Our review has revealed, however, an error affecting defendant’s adjudication and resentencing as a multiple offender. Defendant’s adjudication as a multiple offender and his resentencing therefore will be set aside.

Assignment of Error: Sufficiency of the Evidence

The victim testified that she awoke at approximately 6:30 a.m. to find defendant “peeping” through her bedroom doorway about “to come down on [her] chest” with a screwdriver. (Defendant and the victim had been lovers until approximately two weeks before this incident.) The victim bolted from her bed and tried to escape through the door to the outside. Defendant blocked the doorway and swung the screwdriver toward the victim. The victim deflected the blow away from her body, but was stabbed deeply into her hand. Defendant then dropped the screwdriver and ran away.
The victim called the police who arrived in about five minutes. A quick search for defendant on the streets and buses passing the victim’s home proved unfruitful, and the victim was sent to the hospital for treatment of her stab wound. The investigation that followed revealed that the screwdriver belonged to the victim’s father and was normally stored in the house on top of the refrigerator. It was also determined that defendant had gained entry into the victim’s home by first breaking into the vacant apartment next door and coming through a -hole in a common wall which opened underneath the kitchen table in the victim’s home.
On appeal defendant argues that the evidence is particularly insufficient in regards to defendant’s intent to commit a theft or felony after breaking into the victim’s home. Such an intent is an essential element of the crime of aggravated burglary. Proof of intent is most often inferential based upon the actions of the perpetrator. Defendant argues for the existence of a reasonable hypothesis of his innocent intent that he only wanted to talk to the victim about their relationship. We do not find this hypothesis reasonable in light of defendant’s actions in arming himself upon entering the victim’s home. Moreover, the victim testified that she awoke to find defendant coming down on her chest with the screwdriver, and that the defendant apparently tried again to stab the victim in the chest but hit her hand instead, stabbing *999 deeply into it. Defendant may have only wanted to talk, but he apparently intended to enforce his desire by committing at least an aggravated battery upon the victim.
After reviewing all of the evidence and viewing it in the light most favorable to the prosecution, we find that any rational trier of fact could have found every element of the crime of aggravated burglary to have been proved beyond a reasonable doubt. That being the standard for appellate review of the sufficiency of the evidence, we hold that the evidence is sufficient.

Errors Patent

Pursuant to the scope of appellate review as provided in La.C.Cr.P. Art. 920, we have also reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings. We have discovered that the trial court was without jurisdiction to conduct the multiple bill proceedings against defendant, having previously granted defendant’s motion for an appeal. La.C.Cr.P. Art. 916; State v. Felton, 482 So.2d 191 (La.App. 4th Cir., 1986); State v. Sparks, 483 So.2d 1246 (La.App. 4th Cir., 1986). Accordingly, defendant’s adjudication as a multiple offender and the sentence imposed in connection with that adjudication are vacated. The sentence originally imposed as a result of defendant’s conviction of aggravated burglary is reinstated. (Our review has revealed no errors favorable to defendant in connection with the original sentence.)
For the reasons stated, defendant’s conviction and his original sentence are affirmed. Should defendant be adjudicated and resentenced as a multiple offender subsequent to the date on which this opinion becomes final, his right to appeal that judgment is reserved.
CONVICTION AND ORIGINAL SENTENCE AFFIRMED; ADJUDICATION AND RESENTENCING AS A MULTIPLE OFFENDER VACATED.