488 So.2d 225 (1986)
STATE of Louisiana
v.
Eric DUFRENE.
No. K 5260.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Charles Spinuzza, Judith Brewster, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Carol Skarpetowski, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GULOTTA, SCHOTT and BARRY, JJ.
*226 SCHOTT, Judge.
Defendant pled guilty to aggravated burglary in violation of LSA-R.S. 14:60. Pursuant to R.S. 15:529.1 the state filed a bill of information accusing defendant of a previous conviction of burglary. The trial court dismissed the bill for the reason that the trial court in the previous case in accepting defendant's plea of guilty had failed to advise him adequately of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Specifically, the trial judge in the present case found that the previous judge failed to inform defendant that he had the right to be tried by a judge or by a jury and that by pleading guilty he was incriminating himself, i.e., he had a right to remain silent and not take the witness stand. We granted certiorari in order to review this ruling.
At the threshold we questioned the state's right to invoke our supervisory jurisdiction with respect to this ruling considering that it has no right to appeal from it. State v. Jackson, 298 So.2d 777 (La. 1974). We have concluded that the grant of supervisory jurisdiction to this court by Article 5, Section 10(A) of the constitution is broad enough to include correction of any error which is adverse to the rights of any party where irreparable injury results and where there is no remedy by appeal. In the present case the absence of an appellate remedy requires the exercise of our supervisory jurisdiction in order to correct the erroneous ruling under consideration. To hold otherwise would leave the state without a remedy where it has been erroneously prevented from implementing the habitual offender statute.
At the prior plea the judge asked defendant this question:
"Did Mr. Drake tell you that, and do you understand, that you could plead not guilty, be tried by a jury, confront the people that said you did this; that you could cross-examine them if you so desire, and that the state would have to prove your guilt beyond a reasonable doubt, and that you could testify or remain silent and if you are found guilty you could appeal your case. Do you understand that, son?"
In applying the rules enunciated in Boykin v. Alabama, supra, the Louisiana Supreme Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) held there must be an express and knowing waiver of at least these three constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront the accusers. In the question quoted above, the previous judge asked if defendant understood he could remain silent, the equivalent of his privilege against compulsory self-incrimination; and if he understood he had the right to be tried by jury. We are satisfied that the Boykin requirements were met even though the precise words used in Boykin or the Jackson case were not used here. See State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
Accordingly, the ruling of the trial court is reversed and set aside, the sentence is vacated, and the case is remanded for resentencing in accordance with R.S. 15:529.1 and the views expressed herein.
REVERSED AND SET ASIDE SENTENCE VACATED REMANDED FOR RESENTENCING.