504 So.2d 589 (1987)
STATE of Louisiana
v.
Charles HOLMES.
No. KA-6029.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1987.
Writ Denied May 29, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Martin L. Melton, Asst. Dist. Atty., New Orleans, for plaintiff-appellant.
Before BARRY, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Charles Holmes, was charged with and pled guilty to a violation of LSA-R.S. 14:67, relative to theft of a thing valued at over $100 but less than $500. He was sentenced to serve two years in the custody of the Louisiana Department of Corrections. The State subsequently filed a multiple bill of information charging the defendant as a fourth offender pursuant to LSA-R.S. 15:529.1. As predicate offenses the State used defendant's previous felony convictions of third and fourth offense theft[1] and a prior felony conviction for possession of stolen property. The defense filed a Motion to Quash the Multiple Bill. On December 16, 1985 the trial court, without granting the motion to quash, set aside the original sentence, found the defendant to be a second offender and sentenced him to serve eighteen *590 months at hard labor. In rendering judgment the trial court stated:
"... I'm not quashing anything. All I'm doing is making a judgment as the Court, now. I don't know what rights you have, but I'm finding him a double offender."
It is from this judgment that the state has appealed.
We note initially that under LSA-C.Cr.P. Art. 912 only the defendant may appeal a judgment which imposes sentence. However, both the State and the defense may seek review of an alleged illegal sentence. LSA-C.Cr.P. Art. 882. In the instant case the state does not argue that the sentence itself is illegal but rather that the trial court erred in finding defendant a second offender rather than a fourth offender.
In State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986), this court held that the state could not appeal from the trial court's decision to quash a multiple bill because a multiple bill of information does not charge a new substantive crime but merely seeks to enhance the penalty of the most recent conviction. This court treated the State's claim as an application for supervisory writs. See also: State v. Jackson, 298 So.2d 777 (La.1974). Although the trial court in the instant case specifically refused to quash the multiple bill, we find that the supervisory jurisdiction granted to the Court of Appeal is broad enough to include review under these circumstances where the state has no remedy by appeal. LSA-Const. Art. 5, § 10(A); State v. Dufrene, 488 So.2d 225 (La.App. 4th Cir.1986). This court will therefore treat this appeal as an application for supervisory writs.
The courts have held that a multiple bill of information is not a new bill of information charging a new offense, but merely a method of informing the court of defendant's prior offenses and requesting an enhancement of sentence. State v. Jackson, supra. The determination of sentence is within the sound discretion of the trial judge. State v. Polk, 258 La. 738, 247 So.2d 853 (1971).
A second offender charge under LSA-R.S. 15:529.1 has been held to be a lesser but included charge of a third or fourth offender charge contained in the multiple bill. State v. Jackson, supra. Thus, the determination of the particular status of an habitual offender, whether second, third or fourth offender status, is the prerogative of the trial court. Accordingly, we find no abuse of the trial court's discretion in finding the defendant to be a second offender. For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
By its sole assignment of error the State contends the trial court erred by refusing to adjudicate the defendant a fourth offender under R.S. 15:529.1. The State argues that the defendant's prior convictions for theft, third and fourth offenses, are felonies under 14:67 and should be the basis to enhance his sentence. I agree.
We addressed the issue in State v. Saul Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986) at pages 1104-1105:
However, in this case ... the predicate offense to which the defendant objects was given the status of a felony because it was a repeated offense not because the defendant was already adjudicated a felon. Moreover ... R.S. 14:67 has no built in enhancement for those offenders who are convicted felons.
Here, ... the defendant's prior conviction under R.S. 14:67 was not an enhancement of a prior felony conviction, it was itself a felony conviction by virtue of its status as a repeated offense. Thus, there is no impediment of the State's use of that felony conviction in a multiple bill proceeding.
Defendant has numerous misdemeanor theft convictions, two of which were enhanced to felony status pursuant to 14:67. He also has a felony conviction for possession of stolen property. Thus he has three prior felony convictions and should be adjudicated a fourth offender.
*591 I would remand the case for resentencing.
NOTES
[1] LSA-R.S. 14:67 states in part:

* * * * * *
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.