ARMSTRONG, Judge.
The defendant, Eric DuFrene, pled guilty to a violation of LSA-R.S. 14:60, relative to the offense of aggravated burglary. He was sentenced to serve ten (10) years at hard labor. The state subsequently filed a multiple bill of information accusing him of having a prior conviction of burglary. The trial court dismissed the multiple bill finding that the Boykin colloquy in the prior case was defective because the trial judge failed to adequately advise the defendant that he had the right to be tried by a judge *332 or jury and that by pleading guilty he was incriminating himself.
On application of the State of Louisiana this court granted certiorari. After giving the defendant an opportunity to respond, this court reversed the ruling of the trial court and remanded for resentencing. State v. Dufrene, 488 So.2d 225 (La.App. 4th Cir.1986). On May 28,1986 the defendant was resentenced as a second offender to serve ten years at hard labor.
On appeal the defendant has asked that the original ruling of the trial court be reinstated.
He argues that he should not have been adjudged a second offender since his full Boykin rights were not afforded him in his prior plea of guilty.
This court has previously reviewed this same issue in State v. Dufrene, supra, and found it to be without merit. Because the defendant has already been afforded a reasonable opportunity to be heard and because no new evidence has surfaced since the first ruling by this court, we see no reason to change our previous opinion and will not again review the same ruling based upon the same evidence. State v. Denis, 468 So.2d 12 (La.App. 4th Cir.1985).
Our review of the record has revealed no errors patent.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.