538 So.2d 1055 (1989)
STATE of Louisiana
v.
Lionel J. MISKELL.
No. KA-8915.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
*1056 Harry F. Connick, Dist. Atty., and Beryl McSmith, Asst. Dist. Atty., New Orleans, for the State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for Lionel J. Miskell.
Before BYRNES, LOBRANO and WARD, JJ.
WARD, Judge.
Lionel Miskell was convicted by a jury of aggravated burglary. The Trial Judge sentenced him to 7 years hard labor and ordered him to pay $80.00 court costs or to serve an additional 30 days. Immediately after sentencing, the Court granted Miskell's oral motion for appeal and then accepted the State's habitual offender charge, commonly known as a multiple bill, alleging Miskell was an habitual offender. A hearing was held at which the defendant acknowledged he was a multiple offender. The Trial Court vacated his original sentence and then sentenced Miskell to serve 10 years at hard labor. This Court affirmed Miskell's conviction but reversed his enhanced habitual offender sentence because the Trial Court lacked jurisdiction over the habitual offender charges after the Trial Court granted Miskell's motion for appeal. The case was remanded to the Trial Court for further proceedings on the habitual offender charge. State v. Miskell, 485 So.2d 997 (La.App. 4th Cir.1986).
On remand, the Trial Court reinstated the original sentence; the State refiled the habitual offender charge; the Trial Court readjudicated Miskell a second offender under R.S. 15:529.1 and again sentenced him to serve 10 years at hard labor and 30 days if he defaulted in payment of court costs.
Miskell appeals his habitual offender resentencing, claiming three pro se assignments of error, while his appointed counsel raises one and requests an errors patent review.
First Pro Se Assignment
Miskell contends his habitual offender conviction and sentence are invalid because of the State's unreasonable delay in charging him as a habitual offender. He argues that the delay between this Court's judgment reversing his first habitual offender adjudication and the filing of the second habitual charge was unreasonable.
While the Habitual Offender Law, La. R.S. 15:529.1, sets no time period in which the prosecutor must file the charges, the State must file within a reasonable time after the prosecutor learns of the defendant's prior felony conviction. State v. McQueen, 308 So.2d 752 (La.1975).
In this case the District Attorney did not file the second habitual offender charge until more than nine months after this Court vacated the first adjudication. The District Attorney waited until the Trial Court resentenced the defendant for aggravated burglary although not required to do *1057 so. Although the District Court did not have jurisdiction of the first habitual offender charge, the prompt filing of the first charge shows the District Attorney's delay in filing the second was not malicious. Moreover, the defendant was not prejudiced. Under the circumstances of this case, the delay was not unreasonable. State v. Bell, 324 So.2d 451 (La.1975).
Second Pro Se Assignment
Miskell alleges the State failed to prove the multiple bill charges because it did not introduce as evidence the Boykin transcript of his guilty plea to the predicate offense. The record shows the allegations are false. Both the record and the transcript of the second multiple bill hearing indicates the prosecutor produced as State Exhibit # 3 the entire record of the predicate offense CDC 295-839 "A" which contained a transcript of the Boykin colloquy. That transcript shows the Trial Court advised Miskell of his Constitutional rights, that Miskell waived those rights, and that he freely and voluntarily entered a plea of guilty with knowledge of those rights he waived.
Third Pro Se Assignment
Miskell contends C.Cr.P. art. 916 divested the Trial Court of jurisdiction to re-sentence him as an habitual offender. Miskell successfully urged this issue in his first appeal; however, his reliance on C.Cr.P. art. 916 this time is misplaced.
A defendant may be charged as an habitual offender at any time, even after conviction and sentence. La.R.S. 15:529.1(D). This means he may be charged even after his conviction is affirmed on appeal. La.R.S. 15:529.1(D) does not limit the time for filing habitual offender charges. The only limitation is that it must be done within a reasonable time after the State learns of a prior felony conviction. State v. McQueen, supra.
Moreover, before C.Cr.P. Article 916 was amended to reserve to the Trial Court jurisdiction over habitual offender charges after an order of appeal was entered, Article 916 merely divested the Trial Court of jurisdiction to hear the charges. This does not mean the habitual offender charges filed by the District Attorney had no legal significance. And, when this Court reversed the previous adjudication it remanded the habitual offender issue to the Trial Court for a new trial on the charges. Nevertheless, it is not necessary to decide whether or not the bill of information remained a viable charge against the defendant, because the only limitation on the filing of charges is one of reasonableness and under these circumstances the charges were timely filed and heard.
Counsel's Assignment of Error
Miskell's attorney argues the Trial Court erred when it sentenced Miskell to 30 days if he defaulted in payment of court costs. As an indigent, Miskell is entitled to have that portion of his sentence imposing jail time in default of payment of court costs deleted. State v. Brooks, 489 So.2d 352 (La.App. 4th Cir.1986). We amend his sentence deleting the additional 30 days. A review of the record fails to disclose any errors patent.
We affirm Miskell's multiple offender adjudication but amend his sentence deleting the portion imposing an additional 30 days in default of payment of court costs.
AFFIRMED AS AMENDED.