578 So.2d 1014 (1991)
STATE of Louisiana
v.
Tyronne McFARLAND.
No. 91-K-0309.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
Harry F. Connick, Dist. Atty., Monique Y. Metoyer, Asst. Dist. Atty., New Orleans, for relator.
Rick Tessier, Orleans Indigent Defender Program, New Orleans, for respondent.
Before SCHOTT, C.J., and WILLIAMS and ARMSTRONG, JJ.
*1015 ARMSTRONG, Judge.
Relator, Tyronne McFarland, was charged with armed robbery, a violation of La.R.S. 14:64, and with being a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1. Relator initially entered pleas of not guilty to both counts. Subsequently, relator withdrew his former pleas of not guilty and entered pleas of guilty as charged to both counts. Relator was sentenced to serve twenty years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge, and ten years at hard labor on the possession of firearm charge.
Part of the plea agreement between the trial judge and relator was that relator would not be billed as a habitual offender under La.R.S. 15:529.1 or, if he was, the trial judge would find relator "not guilty." The State was not a party to this agreement. Several weeks after relator pled guilty and was sentenced the State filed a habitual offender bill. At the habitual offender hearing defendant admitted that he was the same person who had previously been convicted on April 10, 1986 (of the prior felony offense). The State also presented documentary evidence to establish this fact. However, the trial court found relator "not guilty" on the habitual offender bill specifically because of the ex parte plea bargain agreement. We granted certiorari to address the State's claim that the trial court erred in finding that relator is "not guilty" of being a habitual offender.
Initially, we note that the grant of supervisory jurisdiction to this court by La. Const. Art. 5, Sec. 10(A) is broad enough to include correction of any error which is adverse to the rights of any party where irreparable injury results and where there is no remedy by appeal. The absence of an appellate remedy requires the exercise of our supervisory jurisdiction in order to correct the erroneous ruling under consideration. State v. Dufrene, 488 So.2d 225 (La. App. 4th Cir.1986).
The Habitual Offender Law, La.R.S. 15:529.1, provides for enhancement of penalties for persons previously convicted of one or more felony offenses. In practice, upon conviction for a second, third, fourth, etc. felony, the State files a habitual offender bill of information setting forth the previous felony convictions. A habitual offender bill of information charging that a defendant has previously been convicted of one or more felonies does not charge a substantive crime. It merely sets forth the alleged previous convictions which must be established by the State before the defendant can receive an enhanced penalty. See, State v. Langendorfer, 389 So.2d 1271 (La. 1980); State v. Sanders, 337 So.2d 1131 (La.1976); State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986), writ denied, 494 So.2d 326 (La.1986).
La.R.S. 15:529.1 provides that upon conviction of a subsequent felony offense a person "shall be punished as follows: ... The legislature, by using the auxiliary verb shall, has directed and mandated that the trial court sentence a previous felony offender according to the provisions of La. R.S. 15:529.1 upon that offender's conviction of a subsequent felony. Ordinarily, once an offender is convicted of a subsequent felony, and the State files its habitual offender bill of information and meets its burden of establishing the previous conviction(s), the court has no discretion to sentence the offender other than in accordance with the provisions of La.R.S. 15:529.1.
In a decision rendered by this court, State v. Holmes, 504 So.2d 589 (La.App. 4th Cir.1987), writ denied, 506 So.2d 1223 (La.1987), we held that a trial court did not abuse its discretion in finding that a defendant was a second offender rather than a fourth offender as alleged in the habitual offender bill of information filed by the State. It is the trial court which ultimately determines whether the State has established that an offender has been convicted of a particular prior felony offense.
However, in the instant case the trial court found that defendant was not a habitual offender without regard to the evidence presented by the State. The decision of the trial court was made solely to *1016 fulfill an ex parte plea bargain agreement between defendant and the court. By entering into an ex parte plea bargain agreement with defendant, and enforcing it, the trial judge was making a determination as to whether defendant could be charged and sentenced as a habitual offender. La.C. Cr.P. art. 61 provides that the district attorney determines whom, when, and how he shall prosecute in his district. See also, La. Const. Art. 5, Sec. 26(B); State v. Tanner, 425 So.2d 760 (La.1983). Although the filing of a habitual offender bill does not involve the prosecution of a substantive crime, the discretion to charge a defendant under the Habitual Offender Law lies with the district attorney and no one else. Moreover, the district attorney is the only official vested with the authority to engage in a plea bargain. State v. Howard, 448 So.2d 150 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1355 (La.1984). The trial court had no authority to enter into an ex parte plea agreement with defendant or to enforce its terms.
When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). Even if there was no plea bargain with the State, if defendant justifiably believed there was, and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made. In such a case the plea must be set aside and defendant allowed to plead anew. See, State v. Hayes, 423 So.2d 1111 (La.1982); State ex rel. Lafleur, 416 So.2d 82 (La.1982).
In the instant case there was no plea bargain agreement between the State and defendant that the State would not charge defendant as a habitual offender. The trial court was without authority to enter into an ex parte plea bargain agreement with defendant. If defendant justifiably relied upon the representations by the court that either the State would not bill him as a habitual offender or, that if the State did so bill him, the court would find him not guilty, defendant must be allowed to withdraw his pleas of guilty to the charges of armed robbery and possession of firearm by a convicted felon.
For the foregoing reasons we vacate the judgment of the trial court finding that defendant was not a habitual offender and remand this case for a hearing on whether defendant justifiably relied upon the promises by the trial court in pleading guilty to the offenses of armed robbery and possession of a firearm by a convicted felon. Further proceedings shall be conducted consistent with the views expressed herein.
WRIT GRANTED, VACATED AND REMANDED.