588 So.2d 708 (1991)
STATE of Louisiana
v.
Cyril DEAN.
No. 91-K-0632.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1991.
Opinion on Grant of Rehearing November 27, 1991.
Harry F. Connick, Dist. Atty., Valerie Welz, Asst. Dist. Atty., New Orleans, for relator.
Robert Glass, New Orleans, for respondent.
Before SCHOTT, C.J., and WILLIAMS and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
We grant certiorari in order to consider the validity of a ruling by the trial court finding defendant not guilty of being an habitual offender.
Defendant was convicted of distribution of cocaine in violation LSA-R.S. 40:967(A) and originally sentenced to ten years. Pursuant to the Habitual Offender Law, R.S. 15:529.1, the state filed an information accusing defendant of a previous conviction of simple burglary. Although the state proved defendant's status as alleged, the trial judge declined to find that he was previously convicted with the result that the original sentence remained intact. The issue is whether the trial judge has discretion under R.S. 15:529.1 to refuse to find *709 that a convicted defendant has a previous conviction when the state properly charges and proves such is the case.
According to defense counsel and the comments of the trial judge at the conclusion of the hearing he based his judgment on State v. Holmes, 504 So.2d 589 (La.App. 4th Cir.), writ denied 506 So.2d 1223 (La. 1987).
In Holmes the state charged defendant under the Habitual Offender Law as a fourth offender based upon two previous felony convictions for third and fourth offense theft under R.S. 14:67 and one conviction for possession of stolen property. Although the state established the previous convictions, the trial court found the defendant to be only a second offender with the result that the court could impose a lighter sentence on the defendant. The state appealed and this court affirmed. This court, specifically noting that the determination of the sentence is within the discretion of the trial court, held that this discretion extended to the determination of the defendant's status as a repeat offender.
R.S. 15:529.1 gives the state the option of charging a convicted defendant as a repeat offender. This is consistent with the notion that the district attorney determines whom, when, and how he shall prosecute. C.Cr.P. art. 61. The Holmes court recognized that a bill of information filed under the Habitual Offender Law does not charge a new offense, but is simply the method available to the state to inform the court of the defendant's record and to request an enhancement of the sentence. Consequently, the trial court's finding that a defendant is not an habitual offender in a first hearing because of the state's failure of proof does not preclude a second hearing because of double jeopardy considerations. State v. Langendorfer, 389 So.2d 1271, 1276 (La.1980). Also, where adequate evidence was presented to prove the defendant was an habitual offender and the court made an error of law in finding the defendant "not guilty" the trial court is not barred by res judicata from reversing its position at a subsequent hearing in which the error is pointed out to the court. State v. Stott, 395 So.2d 714, 718 (La.1981). In this case the court stated that the ruling of the trial court in an habitual offender proceeding is not a definitive judgment, but merely a "finding" ancillary to the imposition of sentence.
From these principles we have concluded that the trial court has no discretion to find a defendant not guilty of being an habitual offender where the state produced adequate evidence to prove its accusation. Nor does the trial court have discretion to find a defendant only guilty of being a second or third offender where the state accused the defendant of having been convicted a greater number of times and produced adequate evidence to prove the accusation. Consequently, State v. Holmes, 504 So.2d 589 (La.App. 4th Cir.1987) is overruled.[1]
We recognize that this decision places limits on the trial court's sentencing discretion. However, this addresses itself to the legislature which has seen fit to impose other limits on such discretion such as minimum and mandatory prison sentences and fines; obligatory deprivation of the usual rights to parole, probation or suspension of sentence; and compliance with the sentencing guidelines of C.Cr.P. art. 894.1. As in these instances the trial court in the present case was without discretion to decline to find the defendant to be an habitual offender.
Accordingly, the judgment of the trial court finding defendant not guilty of being an habitual offender is vacated and set aside and the case is remanded to the trial court for proceedings and sentencing under the Habitual Offender Law and consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
ARMSTRONG, J., concurring in the result.
*710 ARMSTRONG, J., concurring in the result:
Finding our decision in State v. Holmes, 504 So.2d 589 (La. 4th Cir.), writ denied, 506 So.2d 1223 (La.1987), distinguishable on its facts, I respectfully concur in the result reached by the majority.

ON APPLICATION FOR REHEARING
PER CURIAM.
We granted defendant's application for rehearing in order to enable him to show why Holmes should not be overruled. The arguments made on rehearing were fully considered in the original opinion and rejected. Accordingly, the original opinion and the concurring opinion are reinstated.
NOTES
[1] In accordance with the internal rules of the court this opinion which overrules a previous opinion of this court was considered by the court en banc and approved by a majority.