ARMSTRONG, Judge.
We grant certiorari to consider the correctness of a trial court ruling finding defendant, Jerard C. Franklin, not to be a habitual offender.
Defendant was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. On January 24, 1991, he entered a plea of guilty as charged and was sentenced to serve four years at hard labor with credit for time served. The sentence was also to be served concurrently with any other sentence defendant was then serving. The minutes reflect that on the day defendant entered his plea of guilty, a habitual offender hearing was set for February 6,1991. A transcript of that hearing reflects that the trial court found defendant not to be a habitual offender solely to enforce an “ex parte” plea agreement entered into between the court and defendant without the concurrence of the State. The trial court also stated that it was using its “discretion” to find defendant not to be a habitual offender. The transcript reflects that the trial court’s finding as to defendant’s status as a habitual offender was made without regard to the evidence presented by the State.
The District Attorney alone determines whom, when, and how he shall prosecute in his district. La.C.Cr.P. art. 61. This authority to prosecute includes the filing of a bill of information charging a defendant as a habitual offender. State v. McFarland, 578 So.2d 1014 (La.App. 4th Cir.1991). A trial court has no authority to enter into an ex parte plea agreement with a defendant promising that the State will not charge him as a habitual offender, or that if charged, the court will find him not to be a habitual offender. State v. McFarland, supra. Nor does a trial court have the “discretion” to find a that a defendant is not a habitual offender unless the State fails to meet its burden of establishing that status pursuant to La.R.S. 15:529.1. State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991), writ denied, 595 So.2d 652 (La.1992). Therefore, the trial court erred in finding that defendant was not a habitual offender.
Even if there was no lawful plea agreement with the concurrence of the State, if defendant justifiably believed he was entering into a legitimate plea agreement, and pled guilty in part because of that belief, the guilty plea was not knowingly made. In such a case, the plea must be set aside and defendant allowed to plead anew. State v. McFarland, supra. See also, State v. Hayes, 423 So.2d 1111 (La.1982); State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
For the foregoing reasons, we vacate and set aside defendant’s conviction (his plea of guilty) and sentence, and remand this case for further proceedings consistent with the views expressed herein.
WRIT GRANTED; VACATED AND REMANDED.