ARMSTRONG, Judge.
Defendant in the present case, Ronald Corley, pled guilty as charged on April 12, 1990 to possession of cocaine with intent to distribute. Defendant was originally sentenced to serve three years at hard labor. On October 25, 1990, the State filed a bill of information charging defendant as a habitual offender. On February 26, 1991, a habitual offender hearing was held wherein defense counsel argued that' defendant entered his plea of guilty with the understanding that there would be no habitual offender information filed or, if such an information was filed, defendant would be found not guilty. The State argued that there was no such agreement. The trial court found “no bill in this matter.” It is from this ruling that the State now complains. This court ordered the State to supplement the writ application with a copy of the plea of guilty form and the transcript from the guilty plea and sentencing.
The transcript of the proceeding wherein defendant entered his plea of guilty and was sentenced does not reflect that there was any agreement that defendant would not be billed as a habitual offender by the State, or that if so, the court would find him not a habitual offender. The plea of guilty contains no notation to that effect. Nevertheless, the transcript of the habitual offender hearing indicates that the trial court found defendant not to be a habitual offender to enforce such an agreement.
A trial court has no authority to find that a defendant is not a habitual offender for any reason other than the failure of the State to meet its burden of proving that status. State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991). This includes finding a defendant not a habitual offender solely to fulfill the terms of an ex parte plea agreement to which the State was not a party. State v. McFarland, 578 So.2d 1014 (La.App. 4th Cir.1991). However, if a defendant pleads guilty in reliance on such a plea agreement, he must be allowed to withdraw his guilty plea and plead anew. State v. McFarland, supra.
For the foregoing reasons, we grant relator’s application for writs, vacate the trial court’s ruling on the habitual offender information, and remand this case to the trial court for a new habitual offender hearing. Before a new habitual offender hearing is held, the trial court is ordered to determine if in fact defendant pled guilty in reliance on an ex parte plea agreement that he would not be billed as a habitual offender, or that if he was, the trial court would find him not a habitual offender. If defendant did plead guilty upon that representation, he must be allowed to withdraw his guilty plea and plead anew before a new habitual offender hearing is held.
WRIT GRANTED; HABITUAL OFFENDER RULING VACATED; REMANDED WITH INSTRUCTIONS.