ARMSTRONG, Judge.
The defendant, George Gaynard, was charged by bill of information on March 6, 1991, with distribution of marijuana, a violation of LSA-R.S. 40:966. At his arraignment on March 11, 1991, he pleaded not guilty. The trial court found probable cause for the arrest of the defendant at a hearing on March 25, 1991. On April 9, 1991, the day set for trial, the defendant withdrew his earlier plea and entered a plea of guilty as charged.[1] He was sentenced on May 6, 1993,[2] to fifteen years as a second offender under R.S. 15:529.1. He now appeals, arguing that the trial court erred in finding him to be a multiple offender in that R.S. 15:529.1, the multiple offender statute, is invalid because it violates the constitutional provisions regarding separation of powers, due process and equal protection.
The Louisiana Constitution divides the State’s government into three separate branches: legislative, executive, and judicial. La. Const. Art. 2, § 2. This division creates in the judicial branch powers with which the legislative and executive branches shall not interfere. The appellant argues that the multiple offender statute as written, and as interpreted by this Court in State v. McFarland, 578 So.2d 1014 (La.App. 4th Cir.1991), and State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991), violates the doctrine of separation of powers because the district attorney, as part of the executive branch, has sole discretion to determine whether a defendant will be sentenced as a multiple offender.
Recently the Supreme Court addressed this issue in State v. Dorthey, 623 So.2d 1276 (La.1993), and held:
[T]he provisions of 15:529.1 do not violate Louisiana’s constitutional separation of powers. By imposing certain habitual offender statuses and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary’s discretion in sentencing a defendant, (p. 6).
The Court found no separation of powers violation and reversed the judgment of the district court which had held that R.S. 15:529.1 was unconstitutional.
Accordingly, for reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The defendant was sentenced on June 10, 1991, and the State filed a multiple bill on September 23, 1991. However, the trial court granted defense's Motion to Quash on the grounds that the bill was untimely. This Court granted the writ filed by the State, thereby reversing the trial court’s decision on the Motion to Quash. At a multiple bill sentencing hearing on August 10, 1992, the defendant was sentenced to fifteen years, but that adjudication was withdrawn by the State. Another multiple bill was filed which resulted in the defendant's sentencing in May of 1993.

. Although the defense counsel did not file a Motion to Reconsider the Sentence imposed within thirty days of sentencing as required by LSA-C.Cr.P. art 881.1 in order to preserve her right to challenge the excessiveness of the sentence, she has a right to argue that the statute under which the defendant was sentenced is unconstitutional in that it violates the separation of powers.