ARMSTRONG, Judge.
In a recent opinion this Court affirmed the conviction and sentence of George Gaynard.[1] State v. Gaynard, 629 So.2d 1240 (La.App. 4th Cir.1993). On its own motion to grant a rehearing, this Court now considers an issue raised in a supplemental brief by the defense attorney that was not addressed in that opinion. In a single assignment of error, the defense argues that the trial court erred in denying the defendant’s Motion to Quash the multiple offender proceedings on May 6, 1993, based on the excessive delay in filing proper and correct proceedings. Defense counsel points out that the defendant was convicted on April 9,1991, and the superseding multiple bill was not filed until March 31, 1993.
The procedural history of this case is complicated. George Gaynard pleaded guilty to distribution of marijuana on April 9, 1991, and he was sentenced on June 10, 1991. When the State filed a multiple bill on September 23, 1991, the trial court granted the defense’s Motion to Quash on the grounds that the bill was untimely. This Court granted the writ filed by the State, thereby reversing the trial court’s decision on the Motion to Quash. At a multiple bill hearing on August 10, 1992, the defendant was sentenced to fifteen years as a second offender; however the State withdrew that adjudication on March 31, 1993, when it found that the predicate conviction on which the multiple bill was based was that of George Gaynor, not George Gaynard. The State then filed a second multiple bill. At the hearing on May 6,1993, the defendant was again sentenced to fifteen years as a second offender under R.S. 15:529.1.
The habitual offender law, La.R.S. 15:529.-1(D), provides in part: “If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony,” the defendant may be charged as a multiple offender. The statute does not provide a prescriptive period; however, the Lou *1243 isiana Supreme Court has held that the habitual offender bill must be filed within a “reasonable time” after the prosecution knows of defendant’s prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
Courts have looked to the particular circumstances of each case in deciding whether the multiple bill was filed timely. In State v. Miskell, 538 So.2d 1055 (La.App. 4th Cir.1989), writ denied 542 So.2d 6 (La.1989), this court found that a nine month delay in filing a second multiple offender bill was not unreasonable when the first bill was reversed for lack of jurisdiction. Because the first bill was promptly filed, this Court found no maliciousness on the part of the district attorney or prejudice to the defendant in the filing of the second bill in Miskell. Similarly, here the State filed a multiple bill within three months of the original sentencing, and the superseding multiple bill was filed immediately after the first adjudication was withdrawn. Under the circumstances of this case, the delay was not unreasonable.
Accordingly, for reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The defense argued that the multiple offender statute was invalid because it violated the constitutional provisions of separation of power, due process, and equal protection. (The attorney also argued that the trial court erred in finding the defendant to be a second offender in that the State failed to prove that the underlying plea was knowingly and voluntarily made. However, in a letter to this Court dated June 6, 1993, the attorney withdrew this assignment of error.)