JiCIACCIO, Judge.
Defendant, Cyril Dean, was found guilty as charged on September 11, 1990 of distribution of crack cocaine, a violation of La.R.S. 40:967 and originally sentenced to ten years. Pursuant to the Habitual Offender Law, La. R.S. 15:529.1, the State filed an information accusing defendant of a previous conviction of simple burglary. Although the State proved defendant’s status as alleged, the trial court found the defendant not guilty of being an habitual offender. The State sought review of this ruling, and this Court reversed the trial court’s decision and remanded the case to the trial court. State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991), writ denied, 595 So.2d 652 (La.1992).
In holding that the trial court was without discretion to decline to find the defendant to be an habitual offender, the Court stated:
“... [W]e have concluded that the trial court has no discretion to find a defendant not guilty of being an habitual offender where the State produced adequate evidence to prove its accusation. Nor does the trial court have discretion to find a defendant only guilty of being a second or third offender where the State accused the defendant of having been convicted of a greater number of times and produced adequate evidence to prove the accusation. State v. Dean, supra, 588 So.2d at 709.
On remand, the trial court quashed the multiple bill finding that the ^habitual offender law was unconstitutional. The State appealed to the Louisiana Supreme Court which granted writs in State v. Dean, 616 So.2d 670 (La.1993) and reversed the trial court’s ruling. State v. Dean, 625 So.2d 146 (La.1993). The case was again remanded to the trial court.
On June 14,1994, the trial court found that the defendant was a first offender, not a second offender as charged in the multiple bill, reasoning that its decision was a lesser included verdict under La.C.Cr.P. art. 815. The State now seeks review of this ruling.
La.C.Cr.P. art. 815 deals with responsive verdicts for a defendant charged with an offense, and provides that the trial court has the discretion to find defendant guilty of a “lesser and included grade of the offense.” However, it is well established that an allegation that one is an habitual offender is not a prosecution for a new offense. The habitual offender proceeding is in the nature of an enhancement proceeding, rather than prosecution for a crime. It does not create a new or separate offense but merely provides for imposition of an increased sentence for persons convicted of more than one crime. State v. Stott, 395 So.2d 714 (La.1981); State v. Langendorfer, 389 So.2d 1271 (La.1980).
Under these circumstances, we find that Article 815, which applies to responsive *212 verdicts for a certain “offense,” has no relevance to habitual offender proceedings, and the trial court erred in applying it in this case.
In State v. Dean, supra, 588 So.2d at 709, this Court held that once the State has produced adequate evidence to prove its accusation that defendant has a previous conviction, the trial court has no discretion to decline to find defendant to be an habitual offender. In the present case, the State presented sufficient evidence of the previous conviction to sustain their allegation that defendant is an habitual offender. The defendant must be so sentenced.
^Accordingly, the judgment of the trial court finding defendant to be a first offender is vacated and set aside and the case is remanded to the trial court for proceedings and sentencing under the Habitual Offender Law and consistent with this opinion.

WRIT GRANTED; REVERSED AND REMANDED.