NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-254

STATE OF LOUISIANA

VERSUS

EDRAS BROWN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 131432
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**

**Hon. Michael Harson
District Attorney - 15th JDC
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
     State of Louisiana**

**Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR APPELLANT:
     Edras Brown**

**Pickett, Judge.**

Defendant pled guilty in January 2011 to simple burglary. Pursuant to the plea agreement, Defendant agreed to plead guilty as charged and execution of sentence would be deferred for ninety days. He was to pay restitution of two thousand two hundred fifty dollars to the victim within the ninety days. If the Defendant failed to pay as agreed, the sentence would be six months in the parish jail, with credit for time served. Moreover, if the restitution was not paid, the State had the option to file a bill of information charging Defendant as a habitual offender.

On April 20, 2011, the State filed a habitual offender bill of information, alleging Defendant was a fourth felony offender. A hearing on the habitual offender bill was held on November 3, 2011. At the hearing, Defendant stipulated to the fact that he had three prior felonies. Moreover, Defendant also agreed he had not paid the restitution in full. However, the trial court, rather than adjudicating Defendant a habitual offender, gave Defendant an additional year to pay the balance of the restitution to the victim. The State gave notice of an intent to appeal. The State subsequently filed a written motion for appeal, which was granted by the trial court. The current appellate record was lodged with this court on February 28, 2012.

Louisiana Code of Criminal Procedure Article 912, in pertinent part, provides:

> A. Only a final judgment or ruling is appealable.

> B. The state cannot appeal from a verdict of acquittal. Adverse judgments or ruling from which the State may appeal include, but are not limited to, judgments or ruling on:

> (1) A motion to quash an indictment or any account thereof;

> (2) A plea of time limitation;

> (3) A plea of double jeopardy;

1

(4) A motion in arrest of judgment;

(5) A motion to change the venue;

(6) A motion to recuse[.]

In brief, the State argues that this court found an appeal was the appropriate vehicle to seek the review of an illegally lenient sentence in *State v. Bourda*, 10-1553 (La.App. 3 Cir. 6/8/11), 70 So.3d 82. *Bourda* is distinguishable from the current case in that even though the sentence may have been an illegal sentence, there was a still a final judgment of conviction and sentence. The State then goes on to note that it "can only conclude that Judge Rubin's sentence was to allow one more year to pay restitution as the record is devoid of any other ruling."

It appears the State contends that Judge Rubin's ruling extending the time in which to pay restitution was a final judgment for the purpose of this appeal. However, the extension of time to pay restitution concerns only the underlying offense and sentence. The State's complaint before this court is that the trial court has not ruled on the habitual offender bill, asserting "that a judge has no discretion to find a defendant not guilty of being a habitual offender where the State produced adequate evidence to prove the allegation of being a habitual offender." *Id.* The State cites *State v. Dean*, 588 So.2d 708 (La.App. 4 Cir. 1991), *writ denied*, 595 So.2d 652 (La.1992), and *State v. Franklin*, 599 So.2d 431 (La.App. 4 Cir. 1992) in support of its contention. However, in *Dean*, wherein the trial court did not adjudicate the defendant a habitual offender despite sufficient evidence otherwise, the State put the matter before the fourth circuit via a writ application, and in *Franklin*, the matter involved an *ex parte* agreement between the trial court and the defendant to not adjudicate him a habitual offender. Again, the matter was raised by the State via a writ application. *See also State v. Dean*, 94-1505 (La.App. 4 Cir. 9/15/94), 643 So.2d 210, *writ denied*, 94-2554 (La. 1/27/95), 649 So.2d 380, wherein the trial court attempted to reduce the defendant's habitual offender

2

conviction from second to first offender, reasoning that it could do so as a responsive verdict. The issue of Dean's habitual offender adjudication was raised by the State in an application for supervisory writ.

Finally, the State indicates in brief that "[o]n March 15, 2012 the State of Louisiana prompted a hearing to determine what the trial court's ruling was concerning the habitual offender bill of information. The hearing was postponed to April 2012. The Case law as well as La.R.S. 15:529.1 allow for review of the trial court's ruling, if this court finds there was one." Furthermore, the State has filed an application for writ of review on the issue of the trial court's failure to adjudicate Defendant a habitual offender under docket number KW11-1588.

For all of the above reasons, the appeal in the above-captioned case is hereby dismissed.

**APPEAL DISMISSED.**