PER CURIAM.
On September 14, 1974, defendant James L. Cass forced a young couple, at gunpoint, to perform various sexual acts together, attempted to rape the girl himself and then took a tape player, a speaker and the boy’s wallet and fled. The defendant was originally charged with and convicted of armed robbery and attempted aggravated rape. This Court affirmed the armed robbery conviction. State v. Cass, 356 So.2d 936 (La.1977). However, the attempted aggravated rape conviction was reversed. State v. Cass, 356 So.2d 396 (La.1977).
*735 The State filed a new bill of information charging the defendant with two counts of aggravated crime against nature, in violation of La.R.S. 14:89.1, and one count of attempted aggravated rape, in violation of La.R.S. 14:42 and 14:27. A twelve man jury found the defendant guilty as charged on the count of attempted aggravated rape and guilty of attempted aggravated crime against nature on the remaining two counts. Defendant was sentenced to serve seven and one-half years imprisonment at hard labor on each of the convictions for attempted aggravated crime against nature, with said sentences to run concurrently. On the attempted aggravated rape conviction, a sentence of twenty years imprisonment at hard labor was imposed, this sentence to run consecutive to any other sentences received.
On appeal, defendant urges four arguments as grounds for reversal of his convictions and sentences.*
We have reviewed these arguments and the eleven assignments of error presented, and find that they lack merit.

Decree

Accordingly, we affirm the defendant’s convictions and sentences.
AFFIRMED.
SUMMERS, C. J., concurs.

 The substance of appellant’s arguments were as follows:
1. Trial court erred in allowing the state to mislead, voice personal opinion, and invade presumption of innocence to jury venire during voir dire.
2. Trial court erred in allowing state to mislead jury venire during voir dire as to definition of crime against nature.
3. Trial court erred in allowing prosecutor to elicit opinion testimony from witness to support credibility of another witness.
4. Trial court erred in refusing to allow defendant, acting as defense counsel, to use photographic lineup for purposes of cross-examination.