DREW, J.
 

 | ¡The State of Louisiana appeals the grant of defendant’s motion to quash a third felony habitual offender prosecution. The adjudicatory bill of information was predicated upon a felony drug conviction, together with two predicate offenses which, though occurring on the same day, had different dates of conviction.
 

 We affirm in all respects.
 

 FACTS
 

 On September 14, 1974, the defendant, James L. Cass, forced a young couple at gunpoint to perform various sexual acts together and attempted to rape the girl. He then took a tape player, a speaker, and the boy’s wallet and fled.
 
 State v. Cass,
 
 379 So.2d 734 (La.1980). The applicant was arrested and had three separate jury trials over the course of five years for these heinous acts:
 

 1. A 1977 jury trial conviction for attempted aggravated rape, later reversed in
 
 State v. Cass,
 
 356 So.2d 396 (La.1977).
 

 2. A later 1977 jury trial conviction for armed robbery, for which he was sentenced to 33 years at hard labor, without benefits, to be served consecutively with any other sentence, all being affirmed in
 
 State v. Cass,
 
 356 So.2d 936 (La.1977).
 

 3. A 1979 jury trial conviction for attempted aggravated rape, for which he was sentenced to serve 20 years at hard labor consecutively with two concurrent sentences of 7½ years at hard labor for two convictions for attempted aggravated crime against nature.
 

 The 1979 convictions and sentences were affirmed in
 
 State v. Cass,
 
 379 So.2d 734 (La.1980).
 

 On April 16, 2008, Cass was convicted of possession with intent to distribute marijuana, another felony.
 

 |2On April 25, 2008, the state filed a third felony habitual offender bill of information, seeking to enhance the applicant’s sentence for the 2008 drug conviction with the following two predicate offenses:
 

 1. Armed robbery — offense date September 14, 1974; bill of information filed June 4, 1975; conviction date May 6, 1977; sentenced to 33 years at hard labor.
 

 2. Attempted aggravated rape — offense date September 14, 1974;
 
 *488
 
 amended bill of information filed February 20, 1979; conviction date February 23, 1979; sentenced to serve 20 years at hard labor.
 

 In May 2008, defendant filed a motion to quash the bill of information, and amended the motion later that month, asserting that since the two predicate offenses were committed on the same date, against the same individuals, the acts therefore constituted one criminal episode.
 

 The parties stipulated to technical amendments to the habitual offender bill, as well as to the applicant’s identity as the person who committed those crimes. Thus, our only issue is whether Cass is a second or third felony offender.
 

 A habitual offender hearing was held and the trial court took the motion to quash under advisement. At a hearing held October 15, 2008, the trial court granted the motion to quash. The court stated:
 

 In this particular case the predicate offense was committed on the same day. There was no subsequent felony
 
 committed
 
 until the case for which he was tried and convicted when I was presiding. So I am going to sustain the motion to quash as it relates to the third felony conviction, and we can proceed as a second felony conviction[.]
 

 | «DISCUSSION
 

 The state may appeal only from the enumerated judgments and rulings set forth in La. C. Cr. P. art. 912(B). The state had no right of appeal from the contested ruling as per R.S. 15:529.1.
 
 See State v. Jackson,
 
 298 So.2d 777 (La.1974). Because there is no adequate remedy on appeal, however, we examine the merits of the state’s argument.
 

 The state argues that:
 

 • though the defendant’s two predicate offenses were committed on the same date, the convictions for the crimes were obtained on different dates;
 

 • State v.
 
 Shaw
 
 [1]
 
 (citing
 
 State v. Johnson:
 
 “[F]or enhancement purposes, the subsequent felony must be committed after the predicate conviction or convictions.”
 
 [2]
 
 ) bolsters the state’s position that the defense has ignored the unambiguous language of the statute;
 

 • Cass committed four separate violent acts on September 14, 1974, and the mere fact that he “solely and deliberately committed these atrocities on one day” should not be an impediment for him to fully pay for his crimes;
 

 • La. R.S. 15:529.1 does not prohibit using multiple convictions from separate trials on separate dates arising from crimes committed on the same date;
 

 • the defendant committed his drug offense subsequent to his armed robbery and attempted aggravated rape felony convictions — which is “exactly how La. R.S. 15:529.1 was designed to function”;
 

 • the clear wording of La. R.S. 15:529.1 does not contain any technical grounds or language to justify shielding the defendant from responsibility for his recidivism;
 

 • the purpose of La. R.S. 15:529.1 is to deter and warn first offenders and to protect society by removing the habitual offender from its midst;
 

 14* La. R.S. 15:529.1 clearly permits using multiple convictions obtained on
 
 *489
 
 separate dates to enhance a subsequent conviction;
 

 • the trial court failed to follow the plain language of the statute, perhaps under some “notion of lenity,” but erred in doing so because there is no ambiguity in the statute or in the intent of the legislature;
 

 • the trial court’s ruling advances the mistaken proposition that proximity in time of the defendant’s prior offenses somehow diminishes culpability; and
 

 • the defendant is a third felony offender and should be penalized as such.
 

 The defense responds that:
 

 • the starting point in the interpretation of the habitual offender statute is the language of the statute itself;
 

 • the purpose of the statute is to deter and punish recidivism;
 

 • the supreme court has already noted that the armed robbery and the attempted rape were “inseparably intertwined,”
 
 State v. Cass, supra,
 
 356 So.2d at 939;
 

 •
 
 State v. Shaw,
 
 2006-2467 (La.11/27/07), 969 So.2d 1233, is inapplicable, in that it dealt with enhancement of the penalties for multiple subsequent convictions, not predicate convictions;
 

 • Cass was convicted by two separate juries on two separate dates for courses of conduct inseparably intertwined with each other in time and place and are therefore one criminal episode;
 

 • to constitute two lawful predicate felony convictions under La. R.S. 15:529.1, Cass would have had to commit armed robbery, and sometime thereafter commit, and subsequently be convicted of attempted aggravated rape — facts that just do not exist here; and
 

 • if convictions are based on offenses that did not occur sequentially, or one after another, they must be counted as one conviction for purposes of the application of the habitual offender law.
 

 Applicable Law
 

 La. R.S. 15:529.1 provides in pertinent part, with emphasis added:
 

 A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title I5VIII of the Louisiana Children’s Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
 

 B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Multiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.
 

 The purpose of the Habitual Offender Law is to deter and punish recidivism.
 
 State v. Baker,
 
 2006-2175 (La.10/16/07), 970 So.2d 948,
 
 cert. de
 
 
 *490
 

 nied,
 
 — U.S. -, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008).
 

 State v. Dick,
 
 2006-2223 (La.1/26/07), 951 So.2d 124, sets forth the law applicable to statutory interpretation and construction, with citations omitted:
 

 The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law.
 

 | fiBoth the state and defense cite
 
 State v. Shaw, supra,
 
 in which the Louisiana Supreme Court held that the Habitual Offender Law does not bar enhancement of more than one conviction obtained on the same date and arising out of a single criminal episode or course of conduct, overruling
 
 State ex rel. Porter v. Butler,
 
 573 So.2d 1106 (La.1991).
 

 What Shaw does not say is that more than one conviction arising out of a single criminal episode can be used to enhance other subsequent convictions.
 

 In the case
 
 sub judice,
 
 the state seeks to double-count predicate offenses which were
 
 committed
 
 on the same date and time and which arose from one criminal episode. Regarding double-counting of “predicate convictions”
 
 obtained
 
 on the same day, which is
 
 not
 
 the case here, the court in
 
 State v. Johnson,
 
 2003-2993 (La.10/19/04), 884 So.2d 568, held that under the habitual offender statute, multiple convictions obtained on the same date but based on unrelated conduct can be counted separately for sentence enhancement, thereby overruling
 
 State ex rel. Mims v. Butler,
 
 601 So.2d 649 (La.1992).
 

 The case
 
 sub judice
 
 is distinguishable from the foregoing cases by the simple fact that both predicate offenses sought to be utilized by the state for enhancement are based on a single criminal episode or course of conduct. Furthermore, the language of La. R.S. 15:529.1(B) does not apply to this case because the predicate offenses sought to be used to enhance the sentence for the instant offense were not “multiple convictions obtained on the same day.”
 

 |7What is left is the language of La. R.S. 15:529.1(A)(1), relied on by the trial court in ruling, which makes the provisions applicable to “any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony.” The trial court’s reasoning that no subsequent felony was committed, until the instant drug offense, is a logical application of the statute.
 

 The first convictions arise from the same horrific criminal episode; therefore, the only subsequent felony committed by the defendant was the possession of marijuana with the intent to distribute. Accordingly, defendant is a second felony offender for the purpose of the statute, which is to deter and punish recidivism. The state’s argument would allow an individual who commits one single episode resulting in three convictions for separate felonies to be classified as a habitual offender even though he never committed a subsequent felony on any other date. Convictions arising out of a single criminal episode may be counted as only one predicate conviction for purposes of La. R.S. 15:529.1. The motion to quash was properly granted.
 

 
 *491
 
 DECREE
 

 The state is denied relief, and the ruling of the trial court is AFFIRMED.
 

 [1]
 

 . 2006-2467 (La. 11/27/07), 969 So.2d 1233.
 

 [2]
 

 . 2003-2993, pp. 17-18 (La.10/19/04), 884 So.2d 568, 578.