STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 KA 1082

STATE OF LOUISIANA

VERSUS

CHRISTOPHER BELL, JR.

Judgment Rendered: **APR 1 9 2024**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 1216-2019

Honorable Vincent J. Lobello, Judge Presiding

* * * * *

J. Collin Sims
District Attorney
Butch Wilson
Matthew Caplan
Assistant District Attorneys
Covington, LA

Attorneys for Appellee,
State of Louisiana


Gwendolyn K. Brown
Baton Rouge, LA

Attorney for Defendant-Appellant,
Christopher Bell, Jr.

* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

The defendant, Christopher Bell, Jr., was charged by amended bill of information with two counts of possession of a firearm by a person convicted of certain felonies, violations of La. R.S. 14:95.1 (Counts 1 & 2), and two counts of obstruction of justice, violations of La. R.S. 14:130.1(A)(1) and (B)(2) (Counts 3 & 4). He entered a plea of not guilty and, following a trial by jury, was found guilty as charged as to each count. The defendant was later adjudicated a fourth felony offender and, pursuant to La. R.S. 15:529.1, was sentenced to fifty years at hard labor without benefit of parole, probation, or suspension of sentence as to each of the four counts, to run concurrently. The defendant now appeals, and for the following reasons, we affirm the defendant's convictions, vacate his habitual offender adjudications and sentences, and remand to the trial court for further proceedings.

## FACTS

On May 26, 2019, Deputy Don Powers with the St. Tammany Parish Sheriff's Office observed the defendant make an illegal U-turn, at which point Deputy Powers activated his lights and attempted to pull the defendant over. However, the defendant then sped up, turned onto a side road, and drove behind a fence. The defendant was subsequently arrested, and a search of the nearby area revealed two firearms found underneath a camper trailer located to the left of the defendant's vehicle. The defendant was later charged with two counts of being a convicted felon in possession of a firearm and two counts of obstruction of justice for his attempt to hide the firearms underneath the trailer.

## EXCESSIVE SENTENCE

In these combined assignments of error, the defendant argues the trial court erred in its imposition of an excessive sentence and its denial of his motion to reconsider sentence. However, an inspection of the instant record reveals patent

2

errors fatal to the defendant's habitual offender bill of information, requiring us to vacate the habitual offender adjudication and sentences, and thus pretermitting further discussion of the assigned errors.[1] See **State v. Barber**, 94-0611 (La. App. 1st Cir. 4/10/95), 654 So.2d 740, 741-42; see also **State v. King**, 2006-0396 (La. App. 1st Cir. 11/3/06), 2006 WL 3109456, *8-9 (unpublished); **State v. Taylor**, 54,110 (La. App. 2d Cir. 11/17/21), 329 So.3d 1141, 1143-44.

Herein, the defendant was initially charged by bill of information with two counts of possession of a firearm by a person convicted of certain felonies, in violation of La. R.S. 14:95.1, and two counts of obstruction of justice by tampering with evidence, in violation of La. R.S. 14:130.1(A)(1) and (B)(2), as follows:

1. Count 1 – Christopher Bell Jr., on or about May 26, 2019, by having previously been convicted of **Aggravated Battery on or about April 18, 2005 under Docket Number 388802**, in the 22nd Judicial District Court in St. Tammany Parish and also having been convicted of **Aggravated Battery on or about June 30, 2014 under Docket Number 546728**, in the 22nd Judicial District Court in St. Tammany Parish, and possessing a firearm . . . to-wit: a 9mm pistol.

2. Count 2 – Christopher Bell Jr., on or about May 26, 2019, by having previously been convicted of **Aggravated Battery on or about April 18, 2005 under Docket Number 388802**, in the 22nd Judicial District Court in St. Tammany Parish and also having been convicted of **Aggravated Battery on or about June 30, 2014 under Docket Number 546728**, in the 22nd Judicial District Court in St. Tammany Parish, and possessing a firearm . . . to-wit: a 40 caliber pistol.

3. Count 3 – Christopher Bell Jr., on or about May 26, 2019, by tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding . . . to wit: a 9mm pistol.

4. Count 4 – Christopher Bell Jr., on or about May 26, 2019, by tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding . . . to wit: a 40 caliber pistol.

---

[1] In accordance with La. Code Crim. P. art. 920(2), all appeals are reviewed for errors patent on the face of the record. **State v. Sylve**, 2022-1104 (La. App. 1st Cir. 2/24/23), 2023 WL 2198829, *3 (unpublished). A patent error is one that is discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence. La. Code Crim. P. art. 920(2).

3

(Emphasis added).

Thereafter, the State filed a multiple offender bill of information, alleging the defendant was a fourth offender pursuant to the following prior convictions:

1. In the 22ⁿᵈ JDC, St. Tammany Parish, Louisiana for the crime of **Aggravated Battery on April 18, 2005, under case number 388802;**

2. In the 22ⁿᵈ JDC, St. Tammany Parish, Louisiana for the crime of Illegal Possession of Stolen Things over $1500 on May 16, 2013, under case number 532682;

3. In the 22ⁿᵈ JDC, St. Tammany Parish, Louisiana for the crime of Possession of Schedule II to wit: Cocaine on May 16, 2013, under case number 533138;

4. In the 22ⁿᵈ JDC, St. Tammany Parish, Louisiana for the crime of **Aggravated Criminal Damage to Property on June 30, 2014, under case number 546728[.]**

(Emphasis added).

The trial court adjudicated the defendant a fourth felony offender, vacated its initial sentences, and pursuant to La. R.S. 15:529.1(A)(4)(a), sentenced the defendant to fifty years as to each count, to run concurrently.[2] However, as set forth above and discussed *infra*, the State utilized the defendant's 2005 conviction for aggravated battery as both a predicate felony in the defendant's firearm charges under La. R.S. 14:95.1 (Counts 1 and 2), as well as a prior conviction in the defendant's habitual offender bill of information (Prior Conviction No. 1).

A sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. **State v. Baker,** 2006-2175 (La. 10/16/07), 970 So.2d 948, 958, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008). Thus,

---

[2] Louisiana Revised Statute 15:529.1(A)(4)(a) provides: "If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then . . . [t]he person shall be sentenced to [a term of] imprisonment . . . not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." La. R.S. 15:529.1(A)(4)(a).

the aggravated battery under docket number 388802 was improperly used by the State as a prior felony conviction in the habitual offender bill of information for purposes of sentence enhancement. See **State v. Tyrney**, 2022-0949 (La. App. 1st Cir. 3/16/23), 363 So.3d 550, 553-54, writ denied, 2023-00552 (La. 11/21/23), 373 So.3d 460.

Furthermore, the State used two counts from the defendant's June 2014 conviction under docket number 546728 for purposes of establishing a predicate felony in the defendant's instant firearm charges under La. R.S. 14:95.1 (Counts 1 and 2), as well as a prior conviction in the defendant's habitual offender bill of information (Prior Conviction No. 4). With respect to the instant firearm charges, the State listed as a predicate the defendant's conviction for aggravated battery. With respect to the defendant's habitual offender bill of information, the State listed as the defendant's fourth prior conviction his conviction for aggravated criminal damage to property. Both the predicate and the prior conviction arose from criminal charges filed under the same docket number, for which the defendant was convicted on the same day.

Pursuant to a 2005 amendment to La. R.S. 15:529.1(B) of the Habitual Offender Act, "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." See 2005 La. Acts No. 218, § 1. Thus, as of August 15, 2005 (the effective date of the amendment), same-day convictions prior to October 19, 2004 are counted as one conviction; however, those same-day convictions on or after October 19, 2004 may be counted as separate convictions if the convictions arose from separate or distinct events. See **State v. Bethley**, 2017-1127 (La. App. 1st Cir. 4/9/18), 2018 WL 1704096, *6, writ denied, 2018-0661 (La. 2/18/19), 265 So.3d 768 (unpublished); see also **State v. Cass**, 44,411 (La. App. 2d Cir. 8/19/09), 17 So.3d 486, 490. The issue, thus, is whether the defendant's prior convictions for aggravated criminal

5

damage to property and aggravated battery, under the same docket number and for which he was convicted on the same day, arose from a single event or from separate and distinct events.

At the habitual offender hearing, the State introduced into evidence the entire court record for the defendant's case under docket number 546728. The bill of information therein shows that the defendant was charged with three offenses, aggravated criminal damage to property, a violation of La. R.S. 14:55, aggravated battery, a violation of La. R.S. 14:34, and hit and run, a violation of La. R.S. 14:100. According to the bill of information, all three offenses occurred on the same day, on or about March 3, 2014, and there is nothing in the record to suggest that the three offenses charged in the bill of information and pled to by the defendant arose from separate or distinct events. Based on the foregoing, it appears that the defendant's 2014 convictions should be considered a single conviction, in that the charges appear to have arisen from a single act, and no evidence was introduced to the contrary.

We next consider whether separate charges within a single conviction can be used as both the predicate offense under La. R.S. 14:95.1 and as a prior conviction for habitual offender purposes. According to **Baker**, a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearms conviction is not also used as a prior felony conviction in the habitual offender bill of information. **Baker**, 970 So.2d at 957. Thus, we see no reason why, having been precluded from using the same conviction to support both the predicate felony under La. R.S. 14:95.1 and a prior felony conviction in the habitual offender bill of information, the State would then be permitted to divide two charges from the same conviction, arising from within the same course of criminal conduct, to achieve the same result. Accordingly, the two charges under docket number 546728 were improperly used by the State as a predicate to the firearm offenses and as a prior felony conviction in the habitual

6

offender bill of information. See **Cass**, 17 So.3d at 490; see also **King**, 2006 WL 3109456 at *9. ("Only one underlying conviction arising out of a multi-count bill of information can be enhanced when the convictions were entered the same day and when the offenses arise out of one criminal episode.").

As Prior Conviction No. 1 (Aggravated Battery) and Prior Conviction No. 4 (Aggravated Criminal Damage to Property) were improperly used as both a predicate to the instant firearm offenses and a prior conviction for purposes of enhancing those same offenses under the habitual offender law, we vacate the trial court's habitual offender adjudication and sentences, and the matter is remanded to the trial court for further proceedings consistent with this opinion.[3] See **Cass**, 17 So.3d at 490; **King**, 2006 WL 3109456 at *9.

**CONVICTIONS AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCES VACATED; REMANDED FOR FURTHER PROCEEDINGS.**

---

[3] We note that habitual offender proceedings are not subject to double jeopardy constraints; therefore, if the State again seeks to enhance a conviction, it must file a new habitual offender bill of information. See **King**, 2006 WL 3109456 at *9.

7