liLABORDE, Judge.
Defendant was sentenced to five years at hard labor for attempted second degree murder, which sentence was suspended and subject to certain conditions. The state appeals, alleging that the sentence was too lenient. We affirm, finding that the state had no right to appeal this sentence.
FACTS
Defendant, Gerald Bernard, was charged on August 12, 1993, with attempted second degree murder, a violation of La.R.S. 14:27 and 30.1. Defendant entered a plea of guilty to attempted second degree murder on December 13, 1993. On April 11, 1994, defendant was sentenced to five years at hard labor. Defendant’s sentence was suspended, and defendant was placed on active supervised probation for five years with the condition that defendant serve two years of house arrest. As a further condition of his probation, defendant was ordered to “participate or enroll in a drug and substance abuse evaluation and |2treatment as directed by the coordinator of those programs ...” and defendant was ordered to “maintain employment either with Mrs. West or whomever.” A Motion to Reconsider Sentence was filed by the state on April 21, 1994, and after a hearing held on April 28,1994, the trial judge denied the state’s motion.
The state appeals, alleging two assignments of error:
1. The court erred in sentencing defendant by not considering the sentencing guidelines or stating for the record the reasons, including mitigating or aggravating circumstances, for the sentence imposed; and
2. After granting the state’s motion to reconsider the sentence, the court erred in refusing to allow testimony at the hearing on the motion from the victim’s daughter and an eyewitness to the crime, and in refusing to allow the introduction of the victim’s medical bills and records of the Department of Corrections showing the sentences received by individuals convicted of the same crime.
ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, this appeal has been reviewed for errors patent on the *1147 face of the record. One error patent was discovered.
La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, defendant’s sentence shall be amended so that defendant is given credit for time served prior to the imposition of sentence. See La.Code Crim.P. art. 882A. Resentenc-ing is not required; however, we will Uremand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1 Cir.1992), writ denied, 612 So.2d 79 (La.1993).
LAW
Before discussing the merits of the assigned errors, we must consider whether the state has a right to appeal defendant’s sentence. La.Code Crim.P. art. 881.2(B) provides:
B. The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
This article is explained in the introductory comments to the Louisiana Sentencing Guidelines Manual, which states as follows:
Although the state may move to reconsider under Article 881.1 and the articulation requirement applies, the ground for state appeals of sentence are limited by Article 881.2(B) to two types of situations: (1) those in which the sentence failed to conform to a legislative mandatory minimum sentence requirement under the penalty for the offense, and (2) those in which any other mandatory enhancement provision, such as the habitual offender law, requires the imposition of a more severe sentence than was imposed.
Although these provisions have the effect of precluding the state from appealing downward departures or inadequately explained sentences, this language merely clarifies the law prior to the 1991 amendments ....
Bernard Boudreaux, Cheney Joseph, Charles Lindsay and Mark Menezes, Louisiana Sentencing Guidelines Manual, 34 (1993 ed.).
|4In support of the second paragraph of the introductory comment above, the authors cite State v. Wimberly, 414 So.2d 666 (La.1982). In that case, the court was faced with the question of whether a sentence was illegal because the trial judge failed to state for the record his considerations and the factual basis for the sentence he imposed as required by La.Code Crim.P. art. 894.1. In beginning its analysis, the court in Wimberly stated, “The state may present any contention of illegality of a sentence to the trial court, with the trial court’s determination being reviewable by supervisory writs to this court.” The court eventually held that a sentence is not invalid because of the trial judge’s failure to comply with- La.Code Crim.P. art. 894.1 by not stating for the record the considerations taken into account and the factual basis for the sentence imposed. Id. at 671-672.
In the present case, the state has alleged the trial judge erred in failing to consider the Sentencing Guidelines or state for the record the reasons, including mitigating or aggravating circumstances, for the sentence imposed. According to the introductory comments in the Louisiana Sentencing Guidelines-Manual, the state is not permitted to appeal on such a ground. Since the state has not alleged the sentence imposed is illegal in any other manner, the state does not have a right to appeal. Therefore, we will not address the state’s assignments of error.
DECREE
The defendant’s conviction and sentence are affirmed. Case remanded to the district *1148 court to amend the commitment and minute entry to give defendant credit for time served in accordance with La.Code Crim.P. art. 880.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.