944 So.2d 660 (2006)
STATE of Louisiana
v.
Dale Dwayne CRAIG.
No. 2005 KA 2323.
Court of Appeal of Louisiana, First Circuit.
October 25, 2006.
Hon. Doug Moreau, District Attorney By Kory J. Tauzin, Assistant District Attorney, *661 Baton Rouge, Counsel for Appellee State of Louisiana.
John M. Landis, New Orleans, Counsel for Defendant/Appellant Dale Dwayne Craig.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
McCLENDON, J.
Defendant, Dale Dwayne Craig, was charged by grand jury indictment with one count of first degree murder, a violation of LSA-R.S. 14:30, and pled not guilty.[1] The jury found him guilty as charged by unanimous verdict. Subsequently, during the penalty phase, the jury found the existence of the following statutory aggravating circumstances: at the time of the killing, defendant was engaged in the perpetration of aggravated kidnapping; at the time of the killing, defendant was engaged in the perpetration of armed robbery; and the offense was committed in an especially heinous, atrocious or cruel manner. By unanimous verdict, the jury recommended that defendant be sentenced to death. Defendant was sentenced to death by lethal injection.
The Louisiana Supreme Court affirmed defendant's conviction and sentence. State v. Craig, 95-2499, p. 20 (La.5/20/97), 699 So.2d 865, 876. Thereafter, the United States Supreme Court denied defendant's petition for certiorari. Craig v. Louisiana, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997). However, following the decision in Roper v. Simmons, 543 U.S. 551, 578, 125 S.Ct. 1183, 1200, 161 L.Ed.2d 1 (2005), wherein the Supreme Court determined that "[t]he Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed[,]" defendant moved for resentencing "to life in prison without benefit of probation, parole, or suspension of sentence."[2] The motion was granted, the death sentence was set aside, and defendant was resentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant then moved for reconsideration of sentence, but the motion was denied. He now appeals, designating as his one assignment of error, the trial court's refusal to reconsider his sentence. We affirm.

FACTS
The facts of the offense were set forth in detail by the Louisiana Supreme Court upon review of defendant's conviction and original sentence. See Craig, 95-2499 at pp. 2-5, 699 So.2d at 866-68. However, for purposes of this appeal, we briefly set forth the essential facts of this case.
On September 14, 1992, defendant and three accomplices abducted the victim, Kipp Gullet, a freshman at Louisiana State University, at gunpoint from the parking lot of Kirby Smith Dormitory on the Baton Rouge campus of the university. The victim cried and begged for mercy as defendant and his accomplices drove the victim around in his truck. Defendant expressed his decision to kill the victim, but appeared to acquiesce to the suggestions of his accomplices to beat the victim unconscious, rather than kill him. After driving to a secluded construction site, defendant and James Lavigne marched the victim at gunpoint out to a grassy area. Lavigne used the butt of his gun to strike the victim in *662 the head, causing the victim to fall to the ground. Lavigne then walked away. While the victim lay on the ground in a fetal position, the defendant knelt at his side and fired three bullets into his head, killing him. Defendant threatened to kill his accomplices if they said "one f___ing word." He also asked them if the group should kill anyone else while they were at it, but answered his own question by responding, "No, the game warden might get pissed."

EXCESSIVE SENTENCE
In his sole assignment of error, defendant contends the trial court erred in denying the defense motion to reconsider sentence because the sentence violated the United States and Louisiana Constitutions. He argues the sentence violates U.S. Const. amend. VIII, applicable to the states pursuant to U.S. Const. amend. XIV, and that "[t]he principles underlying the decision in Roper v. Simmons, bolstered by continuing scientific research and the great weight of international law, point to the illegality of the juvenile life without parole sentence under the Eighth Amendment."
Defendant also contends that the sentence violates the supremacy clause, U.S. Const. art. VI, cl. 2. He argues that the United States became a party to the International Covenant on Civil and Political Rights (ICCPR) on September 8, 1992, and, under the ICCPR, criminal trials of juveniles shall be such as will take into account their age and the desirability of promoting their rehabilitation.
Defendant further asserts that the sentence violates La. Const. art. I, § 20 for the same reasons it violates U.S. Const. amend. VIII.
Upon invalidation of a provision of statutory capital punishment, the appropriate sentence to be imposed upon a conviction for first degree murder is the most severe penalty established by the legislature for criminal homicide at the time of the offense. State v. Tyler, 342 So.2d 574, 577-78(La.), cert. denied, 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227 (1977). In this matter, the penalty for first degree murder at the time of the offense was death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the determination of the jury. LSA-R.S. 14:30(C).
Imposition of a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence does not violate U.S. Const. amend VIII. See State v. Lucas, 99-1524, p. 17 (La.App. 1 Cir. 5/12/00), 762 So.2d 717, 728 ("It is well settled that the mandatory imposition of a sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence for second degree murder does not constitute cruel and unusual punishment.")
Further, Roper does not support defendant's position. The court in Roper rejected the imposition of the death penalty on juvenile offenders under eighteen years of age. The decision addressed only the constitutionality of the death penalty on juvenile offenders under eighteen years of age and did not address the constitutionality of a life term for juvenile offenders under eighteen years of age. In fact, the court in Roper affirmed defendant's sentence of "life imprisonment without eligibility for probation, parole, or release except by act of the Governor." Roper, 543 U.S. at 560, 125 S.Ct. at 1189-90.
In attacking the sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as violative of the ICCPR and the supremacy clause, defendant relies upon *663 United States v. Duarte-Acero, 208 F.3d 1282 (11th Cir.2000). In that decision, the court noted that on September 8, 1992, the United States, following the advice and consent of the Senate, became a party to the ICCPR, at which time the treaty became, coexistent with the United States Constitution and federal statutes, the supreme law of the land. Duarte-Acero, 208 F.3d at 1284.
Initially, it should be noted that the court in Roper discussed the ICCPR in reaching the decision in that case. Roper, 543 U.S. at 567, 125 S.Ct. at 1194. Thereafter, the court affirmed the defendant's sentence of "life imprisonment without eligibility for probation, parole, or release except by act of the Governor." Roper, 543 U.S. at 560, 125 S.Ct. at 1189-90. The argument that the decision stands for the proposition that a life-without-benefits sentence for a defendant who committed a crime before reaching the age of eighteen years violates either the ICCPR or the supremacy clause, ignores the result reached in the case. Further, even in regard to the ICCPR, art. 6, par. 5, prohibiting capital punishment for crimes committed by persons under eighteen years of age, the United States Senate only ratified the ICCPR with the proviso:
[T]he United States reserves the right, subject to its Constitutional constraints, to impose capital punishment on any person (other than a pregnant woman) duly convicted under existing or future laws permitting the imposition of capital punishment, including such punishment for crimes committed by persons below eighteen years of age.
. . . .
[T]he United States declares that the provisions of Articles 1 through 27 of the [ICCPR] are not self-executing.
138 Cong. Rec. S4783-84 (statement of presiding officer of resolution of ratification). See Beazley v. Johnson, 242 F.3d 248, 264 (5th Cir.), cert. denied, 534 U.S. 945, 122 S.Ct. 329, 151 L.Ed.2d 243 (2001).
We do, however, recognize that Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La.App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962.
In State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), the Louisiana Supreme Court recognized that if a trial judge determines that the punishment mandated by the Habitual Offender Law makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he is duty bound to reduce the sentence to one that would not be constitutionally excessive.
However, the holding in Dorthey was made only after, and in light of, express recognition by the court that, "the determination and definition of acts which are punishable as crimes is purely a legislative *664 function. It is the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional." Dorthey, 623 So.2d at 1278 (citations omitted).[3]
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Louisiana Supreme Court reexamined the issue of when Dorthey permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. The court held that to rebut the presumption that the mandatory minimum sentence was constitutional, the defendant had to "clearly and convincingly" show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Johnson, 97-1906 at p. 8, 709 So.2d at 676.
We are also guided by two post-Roper decisions involving a capital sentence imposed upon a defendant for a murder committed when he was seventeen years old. In State v. Wilson, 03-1229 (La.3/30/05), 899 So.2d 551, the court held, "Based on [Roper], the defendant's death sentence must be vacated and this case remanded to the district court with instructions to resentence the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." (Emphasis added). Following remand to the trial court for imposition of the life-without-benefits sentence, the defense argued, inter alia, a sentence below the mandatory life term was warranted due to the mitigating factor of the defendant's youth. State v. Wilson, 40,767, p. 30 (La.App. 2 Cir. 8/23/06), 938 So.2d 1111, 1146. The trial court found the argument unpersuasive and imposed a life sentence upon the defendant. Id. The sentence was affirmed on appeal, with the court setting forth reasons we find equally applicable in the instant case:
The jury and the trial court had the best opportunity to observe this defendant and it was their opinion that a sentence of death was appropriate for this defendant. Given the mindless brutality of this incident, the life-without-benefits sentence is not grossly disproportionate to the crime.
Wilson, 40,767 at p. 32, 938 So.2d at 1147.
In the instant case, there was no reason for the trial court to deviate from the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant failed to clearly and convincingly show that because of unusual circumstances he was a victim of the legislature's failure to assign sentences that were meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. The sentence imposed was not unconstitutionally excessive and was not grossly disproportionate to the severity of the offense. Further, we specifically reject the argument that a sentence of life without the benefit of parole, probation, or suspension of sentence, of a defendant who was seventeen years of age at the time of the commission of the offense, is a per se violation of the prohibition *665 against the imposition of excessive punishment.
This assignment of error is without merit.
SENTENCE AFFIRMED.
NOTES
[1] Zebbie Berthelot, James Conrad Lavigne, and Roy Maurer were also charged by the same indictment with the same offense.
[2] Defendant was approximately one week shy of his eighteenth birthday at the time of the offense.
[3] The sentencing review principles espoused in Dorthey were not restricted in application to the mandatory minimum penalties provided by LSA-R.S. 15:529.1. See State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274, 1275 (per curiam); State v. Davis, 94-2332, pp. 11-12 (La.App. 1 Cir. 12/15/95), 666 So.2d 400, 407-08, writ denied, 96-0127 (La.4/19/96), 671 So.2d 925.