225 P.3d 1146

STATE of Arizona, Appellee,

v.

John Balla PIERCE, Appellant.

No. 1 CA–CR 08–0715.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 21, 2010.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and William S. Simon, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

PORTLEY, Judge.

¶ 1 In this opinion we address whether the natural life sentence for John Balla Pierce, who was sixteen at the time he committed first-degree murder, violates the Eighth and Fourteenth Amendments to the United States Constitution. Because we find no constitutional violation, we affirm.[1]

## BACKGROUND[2]

¶ 2 Pierce, Michael Carey, Angel Smiley, and Sarah Duran were driven to an area near the victim's house on December 21, 2006. Duran, Carey, Smiley, and Pierce got out of the car. Pierce and Smiley had handguns, while Carey retrieved a shotgun he had placed in the car's trunk. The three men covered their faces with bandanas, and hid around the corner of the house.

¶ 3 Duran went to the door and rang the doorbell. The victim was inside with his teenage daughter and her eight-month-old baby, and a sleeping teenage son. Thinking that Duran may have been one of the friends his daughter was expecting, he opened the door. Duran then moved out of the way and Carey came around and rushed into the house with the shotgun. Smiley and Pierce followed him.

¶ 4 The victim grabbed for the shotgun as his teenage daughter ran down the hallway to find her brother. She heard several gunshots. After waking up her brother, she stepped into the hallway and a shot rang out near her. She went back into her brother's room and heard more shots. She moved and looked out of her child's bedroom window and saw three people running away from the house. Duran got to the car first and told the driver to stop when they saw Pierce, Smiley, and Carey running to the car.

¶ 5 The victim died of the gunshot wounds. Police found evidence that two handguns and a shotgun were fired. After Pierce was arrested, he was informed of his juvenile *Mi-*

---

1. We address the other issues on appeal in a separate memorandum decision pursuant to Arizona Rules of Civil Appellate Procedure 28(g).

2. We view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Pierce. *State v. Fontes,* 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App.1998).

*randa*[3] rights, and agreed to an interview. He stated the plan was to take guns, money and "weed" from the victim's house. He explained that his job was to get in the house "to go grab the s* *t," and to "do what I needed to do," which included shooting someone if necessary "[for] my safety." He told the detective that "the dude f* * * *d up" by grabbing the shotgun. He further explained he had been shown the victim's house three days before the incident, and was told which rooms to search.

¶ 6 After a joint trial with his three codefendants, Pierce was convicted of first-degree murder, as well as attempted armed robbery, burglary in the first degree, conspiracy to commit armed robbery, and aggravated assault on the victim's daughter, all of which the jury found to be dangerous offenses. He was acquitted of aggravated assault on the victim's son.

¶ 7 Pierce was sentenced to natural life in prison for the first-degree murder conviction. He appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031 (2001) and –4033 (Supp.2008).

**DISCUSSION**

¶ 8 Pierce challenges the constitutionality of his natural life sentence. Relying on *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), he contends that his sentence is cruel and unusual in violation of the Eighth and Fourteenth Amendments[4] because he was a juvenile when he committed the offense.

¶ 9 In *Roper*, the United States Supreme Court held that the Eighth and Fourteenth Amendments forbid the imposition of the death penalty on juvenile offenders. 543 U.S. at 578, 125 S.Ct. 1183. The Court relied in part on its observation that juveniles are less culpable for their actions and, accordingly, "it is evident that the penological justifications for the death penalty apply to them with lesser force than to adults." *Id.* at 571, 125 S.Ct. 1183. Pierce urges that the same

considerations that influenced *Roper* to forbid executions for murder if committed by a juvenile should apply to preclude natural life sentences for juveniles. We decline to extend the rationale of *Roper* in such a manner.

¶ 10 *Roper* only prohibits the *execution* of persons who were juveniles at the time they committed the offense. The Supreme Court has specifically recognized that "[t]he penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability." *Harmelin v. Michigan*, 501 U.S. 957, 995–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (quoting *Furman v. Georgia*, 408 U.S. 238, 306, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring)). The reasoning in *Roper* therefore applies "only with limited, if any, force outside of the context of capital punishment." *United States v. Feemster*, 483 F.3d 583, 588 (8th Cir.2007), vacated and remanded on other grounds, 552 U.S. 1089, 128 S.Ct. 880, 169 L.Ed.2d 718 (2008).

¶ 11 Further, *Roper* affirmed the decision of the Missouri Supreme Court to set aside the juvenile offender's death sentence and to resentence him to natural life imprisonment. *Roper*, 543 U.S. at 560, 125 S.Ct. 1183. The Court expressly intimated that a natural life sentence for a juvenile who committed murder is not unconstitutionally cruel and unusual. *Roper*, 543 U.S. at 572, 125 S.Ct. 1183 ("To the extent the juvenile death penalty might have residual deterrent effect, it is worth noting that the punishment of life imprisonment without the possibility of parole is itself a severe sanction, in particular for a young person."). Consequently, *Roper* does not assist Pierce.

¶ 12 Finally, even though Pierce has not cited any authority which has extended the reasoning of *Roper* to natural life sentences for juvenile offenders convicted of murder, courts that have addressed the issue have rejected the applicability of *Roper*. *See, e.g., State v. Allen*, 289 Conn. 550, 958 A.2d 1214, 1231–36 (2008); *Wallace v. State*, 956 A.2d 630, 640–41 (Del.2008); *State v. Craig*, 944 So.2d 660, 662–63 (La.Ct.App.2006).

---

**3.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Pierce does not contend that his sentence violates the Arizona Constitution.

¶ 13 Because we conclude that *Roper* does not support a constitutional prohibition against imposing natural life sentences for first-degree murder by defendants who were juveniles at the time of the commission of the offense, we affirm the natural life sentence.

## CONCLUSION

¶ 14 Defendant's natural life sentence is affirmed.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and DANIEL A. BARKER, Judge.