NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 1296

STATE OF LOUISIANA

VERSUS

DALE DWAYNE CRAIG

Judgment Rendered: NOV 0 4 2024

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 9-92-884, Sec. 4

The Honorable Eboni Johnson-Rose, Judge Presiding

* * * * *

Liz Murrill
*Attorney General*
J. Taylor Gray
J. Bryant Clark
*Assistant Attorneys General*
Baton Rouge, Louisiana

Attorneys for Appellant
State of Louisiana

John M. Landis
New Orleans, LA

Attorney for Defendant/Appellee
Dale Dwayne Craig

* * * * *

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

**STROMBERG, J.**

The defendant, Dale Dwayne Craig, was found guilty of first degree murder and sentenced to death in October of 1994. The offense occurred in September of 1992, when the defendant was seventeen years old. **State v. Craig**, 95-2499 (La. 5/20/97), 699 So.2d 865, cert. denied, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997). His sentence was amended in 2005 to life in prison without the possibility of parole after the United States Supreme Court held the death penalty unconstitutional as applied to individuals such as the defendant who were under the age of eighteen at the time of the offense. **State v. Craig**, 2005-2323 (La. App. 1 Cir. 10/25/06), 944 So.2d 660, writ denied, 2006-2782 (La. 6/29/07), 959 So.2d 518, cert. denied, 552 U.S. 1062, 128 S.Ct. 714, 169 L.Ed.2d 554 (2007); see **Roper v. Simmons**, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

In 2023, following the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and **Montgomery v. Louisiana**, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the defendant was resentenced to life in prison with the possibility of parole. The State now appeals, arguing the trial court erred in granting the defendant parole eligibility. For the following reasons, the State's appeal is dismissed.

## FACTS

The facts of this case were previously set forth by this court as follows, in pertinent part:

> On September 14, 1992, defendant and three accomplices abducted the victim, Kipp Gullet [sic], a freshman at Louisiana State University, at gunpoint from the parking lot of Kirby Smith Dormitory on the Baton Rouge campus of the university. The victim cried and begged for mercy as defendant and his accomplices drove the victim around in his truck. Defendant expressed his decision to kill the victim, but appeared to acquiesce to the suggestions of his accomplices to beat the victim unconscious, rather than kill him. After driving to a secluded construction site, defendant and James Lavigne

marched the victim at gunpoint out to a grassy area. Lavigne used the butt of his gun to strike the victim in the head, causing the victim to fall to the ground. Lavigne then walked away. While the victim lay on the ground in a fetal position, the defendant knelt at his side and fired three bullets into his head, killing him.

**Craig**, 944 So.2d at 661-62.

## PAROLE ELIGIBILITY

On appeal, the State contends the trial court committed legal and factual error by granting the defendant parole eligibility. As a threshold matter, we must first determine whether the State has a right to appeal or otherwise seek review of the trial court's imposition of a statutorily legal sentence.[1]

General appellate review is governed by Louisiana Code of Criminal Procedure article 912, which provides that only a final judgment or ruling is appealable. La. Code Crim. P. art. 912(A). Adverse judgments or rulings from which the State may appeal include, but are not limited to, judgments or rulings on a motion to quash an indictment, a plea of time limitation, a plea of double jeopardy, a motion in arrest of judgment, a motion to change venue, and a motion to recuse. La. Code Crim. P. art. 912(B)(1)-(B)(6). The judgments or rulings from which the defendant may appeal include a judgment which imposes a sentence. La. Code Crim. P. art. 912(C)(1).

Appellate and supervisory review of sentences are governed by Louisiana Code of Criminal Procedure article 881.2, which provides the defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. La. Code Crim. P. art. 881.2(A)(1). The State may appeal or seek review of a sentence if the sentence was not in conformity with the mandatory requirements of the statute under which the defendant was convicted, and the State

---

[1] We note the defendant filed a motion to dismiss appeal in this matter, which will be discussed *infra*.

3

objected at the time the sentence was imposed. La. Code Crim. P. art. 881.2(B)(1)(a) & (B)(2).

As a fundamental rule of statutory construction, the more specific statute controls over a broader, more general statute. When two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. **Regions Bank v. Eymard**, 2021-0926 (La. App. 1 Cir. 5/23/22), 342 So.3d 908, 924, writ denied, 2022-00977 (La. 10/18/22), 348 So.3d 731.

The State contends that because the trial court's imposition of sentence was a final judgment, the judgment is appealable under Article 912(A). Moreover, the State contends the grounds upon which the State can appeal under Article 912(B) are not exhaustive, and thus the trial court's ruling is appealable pursuant to Article 912. The defendant argues Article 881.2 is controlling, as it specifically addresses appellate review of sentences, and the State may only appeal or seek review of a sentence which does not conform with mandatory sentencing requirements. Thus, he contends the State is precluded from appealing the ruling under Article 912 because Article 912(B) does not permit the State to appeal the imposition of a sentence. Moreover, the defendant contends the State is precluded from appealing or seeking review of the judgment under Article 881.2 because the sentence is in conformity with the applicable sentencing provisions.

As indicated in both Article 912 and Article 881.2, the grounds upon which the State may file an appeal or seek review are significantly limited as compared to the grounds upon which the defendant may do the same. While a defendant may appeal any judgment which imposes a sentence, a State may appeal a trial court's adverse ruling only in a delineated set of circumstances. See La. Code Crim. P. art. 912(B) & (C). Moreover, while a defendant may appeal or seek review of a

4

sentence based on any grounds upon which he objected in the trial court, the State is limited to appeal or review of those sentences which do not conform to the governing statute under which a defendant was sentenced. See La. Code Crim. P. art. 881.2(A) & (B).

When the defendant was initially convicted of first degree murder and sentenced to death in 1994, Louisiana law permitted imposition of the death penalty for juvenile offenders guilty of first degree murder. However, capital punishment for juvenile offenders was later ruled unconstitutional in **Roper** and the defendant was sentenced to a mandatory term of life imprisonment without the possibility of parole. **Roper**, 543 U.S. at 578, 125 S.Ct. at 1200. In 2012, the United States Supreme Court held in **Miller** the Eighth Amendment's prohibition against cruel and unusual punishment forbids a sentencing scheme which mandates life in prison without the possibility of parole for juvenile offenders who were under the age of eighteen at the time of the offense. **Miller**, 567 U.S. at 470, 132 S.Ct. at 2464. Thereafter, in 2016, the United States Supreme Court determined that **Miller** announced a substantive right of constitutional law which applied retroactively to juvenile offenders. **Montgomery**, 577 U.S. at 212, 136 S.Ct. at 736.

In accordance therewith, the Louisiana legislature specifically amended the Louisiana Code of Criminal Procedure and the Louisiana Revised Statutes to codify **Miller's** holding, as follows:

> (1)[A]ny person serving a sentence of life imprisonment for a conviction of . . . second degree murder . . . who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration . . . if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and . . . (a) The offender has served twenty-five years of the sentence imposed.

5

La. R.S. 15:574.4(G).

For such an offender, the district attorney may choose to file a notice of intent to seek a sentence of life imprisonment without the possibility of parole, at which point a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. La. Code Crim. P. art. 878.1(B)(1). The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility. La. Code Crim. P. art. 878.1(D).

Herein, the State filed a notice of intent to seek a sentence of life imprisonment without possibility of parole pursuant to La. Code Crim. P. art. 878.1(B)(1) and requested a hearing to determine whether the sentence should be imposed with or without parole eligibility. Thus, the legality of the defendant's sentence of life imprisonment with the possibility of parole is governed by Article 878.1, which unambiguously permits imposition of such a sentence. We find the State's argument on appeal is a challenge to the trial court's imposition of a statutorily legal sentence.

As to whether such a ruling is appealable under Article 912, we find it is not. While we agree with the State that the trial court's ruling was a final judgment, a judgment's finality is not dispositive of its appealability. Indeed, the very next provision goes on to limit the final judgments upon which the State may seek appellate review. While the State argues the legislature could not possibly have conceived of a situation such as that posed by the present case when drafting the list of judgments appealable by the State, the judgment the State seeks to overturn herein is, in essence, a legal, discretionary sentence which the State believes is too lenient. Given that many criminal sentencing provisions drafted prior to the enactment of Article 878.1 require the trial court to exercise its discretion and

impose a sentence somewhere within the statutorily proscribed range of legal sentences, we find this argument unpersuasive.

Moreover, Article 912(C) specifically provides a defendant may appeal a judgment which imposes a sentence. Article 912(B) makes no such allowance for the State, and instead significantly limits the rulings from which it may seek an appeal. Had the legislature intended to allow both the defendant and the State to appeal a judgment which imposes a sentence, it could have drafted such a provision. Instead, the legislature opted to create a very narrow set of circumstances under which the State could appeal, and a very broad set of circumstances under which a defendant could appeal. We choose to take the legislature at their word rather than read into a statute a right which does not otherwise exist. Thus, while the trial court's ruling was a final judgment, it is not a judgment from which the State can appeal under Article 912(B). See **State v. Holmes**, 504 So.2d 589 (La. App. 4 Cir. 1987), writ denied, 506 So.2d 1223, over'd on other grounds by **State v. Dean**, 588 So.2d 708 (La. App. 4 Cir. 1991), writ denied, 595 So.2d 652 (La. 1992) (finding only a defendant could appeal a judgment which imposes a sentence under Article 912, whereas both the State and the defendant could seek review of an allegedly illegal sentence).

We now turn to whether the trial court's imposition of a legal sentence is appealable under Article 881.2 and note this article specifically addresses appellate review of sentences, whereas Article 912 addresses appeals generally. Thus, under the rules of statutory construction and in the event of a conflict, Article 881.2 controls. See **Regions Bank**, 342 So.3d at 924. Article 881.2(B) provides the State may appeal or seek review of a sentence if the sentence imposed is not in conformity with the mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence, or was not

7

in conformity with the applicable enhancement provisions under the Habitual Offender Law, and if the State objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under Article 881.2. In other words, under Article 881.2, the State may appeal or seek review of an *illegal* sentence. The State has no right to appeal or seek review under Article 881.2 of the sentence imposed herein because the sentence was not illegal.[2] Rather, the sentence imposed by the trial court's Amended Sentencing Order conforms with the requirements of the statute under which the defendant was sentenced, La. Code Crim. P. art. 878.1.

The sole purpose of the hearing initiated by the State's notice of intent to seek a sentence of life without parole for the defendant was to determine whether the sentence of life imprisonment shall be imposed with or without parole eligibility. La. Code Crim. P. art. 878.1(D). The trial court faithfully executed its function and, in its discretion, imposed a sentence granting the defendant parole eligibility. We find that such was legal under Article 878.1, was not appealable under Article 912, and was neither appealable nor otherwise reviewable under Article 881.2. See **State v. Bernard**, 94-928 (La. App. 3 Cir. 2/1/95), 649 So.2d 1145 (finding the State was not authorized to appeal the sentence based on the trial court's failure to consider sentencing guidelines where the sentence was not illegal); *cf.* **State v. Sugasti**, 2001-770 (La. App. 5 Cir. 11/27/01), 802 So.2d 943, aff'd 2001-3407 (La. 6/21/02), 820 So.2d 518 (finding the State was authorized to appeal the judgment imposing the sentence where the sentence did not conform to the requirements of the statute under which the defendant was convicted).

---

[2] We note that La. Code Crim. P. art. 881.2 became effective January 31, 1992, long before the United States Supreme Court's decisions in **Miller** and **Montgomery** and the legislature's amendments addressing same. Article 881.2 does not address the hearing to determine parole eligibility provided for in La. Code Crim. P. art. 878.1, and any change to the current statutory scheme is the province of the legislature.

8

We therefore grant the defendant's motion to dismiss the appeal and order the State's appeal in this matter be dismissed.

**DEFENDANT'S MOTION TO DISMISS APPEAL GRANTED, APPEAL DISMISSED.**